William T. Irwin, Admr.

*v.*

Mary Wollpert *et al.*

*Filed at Ottawa May 16, 1889.*

1. Devise—*of an annuity charged upon rents and profits—whether chargeable upon the corpus of the estate.* A direction in a will to pay an annuity out of the rents and profits of lands devised, charges only the rents and profits, and not the *corpus* of the estate, unless a contrary intention appears, and can be enforced only against the devisees personally, so far as they have received the rents; and the fee or other estate in the realty can not be sold to provide the annuity.

2. Same—*the annuitant incumbering part of the estate yielding the rents and profits—liability of the residue.* A testator devised lot 1 to A, his son, and lot 2 to B, C and D, his grandchildren, and gave his widow a yearly annuity of $300, "to be issuing and payable out of" said lots; and the will provided, that if any part of such annuity should remain unpaid after the expiration of thirty days from the time the same should be due and payable, the widow might enter into the premises so charged and receive the rents and profits thereof until the annuity was thereby paid, or paid by the devisees. The widow and the son, A, gave a deed of trust, for a loan to the latter, on lot 1, under which a sale was had, in default of payment, and the title was thereby lost. Lot 1 was the most valuable of the two lots. It appeared that the widow received all the rents and profits of both lots until the sale under the trust deed, and of

lot 2 to her death, through her agents, and that B, C and D were never in possession of lot 2, and never received any rents of the same : *Held*, in a suit by the administrator of the widow, to collect the annuity, that the devisees of lot 2 were not liable for any part of the annuity, and that if they were liable they could only be chargeable with a ratable part thereof.

3. In such case, the widow, by joining in the trust deed, whereby the title to one lot became lost, relinquished all claim to a ratable part of her annuity, which should have been paid out of lot 1; consequently, neither she nor her administrator could charge the whole of the annuity against the grandchildren's lot, even if they were liable beyond the rents and profits thereof.

4. Same—*allowing the annuity to accumulate.* If the annuity should not be paid, the will provided a remedy by taking possession of the lots; and the widow could not lie by and neglect her remedy, and permit the annuity, without the fault of the devisees, to accrue from year to year, until it was sufficient in amount to swallow up the fee of the lots, and then ask a court of equity to have them sold to satisfy her claim.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Peoria county; the Hon. S. S. Page, Judge, presiding.

Mr. James A. Cameron, and Mr. William S. Kellogg, for the appellant.

Mr. Dan F. Raum, and Mr. N. Ulrich, for the appellees.

Mr. Justice Wilkin delivered the opinion of the Court:

George M. Young died in April, 1873, seized in fee of lots 1 and 2, block 66, in Monson & Sanford's addition to Peoria, Illinois. By his last will he devised lot one (1) to his son, Gottlieb M., and lot two (2) to appellees, children of his deceased daughter. He gave his wife, Christiana G. Young, an annuity of $300, to be paid out of said lots, that part of the will being in the following language :

"I give, devise and bequeath to my wife, Christiana Gott-lieben Young, and her assigns, for and during the term of her natural life, one annuity or clear yearly rent or sum of $300,

free of all taxes or other deductions, to be issuing and payable out of the real estate above devised to my son, Gottlieb M. Young, and to the children of my daughter, Juliana Catherine Wollpert, in equal quarterly payments, at Peoria, on the first day of January, April, July and October, in each and every year, as aforesaid. And I do hereby charge and subject the said real estate with and to the payment of the said annuity or yearly rent or sum of $300, at the times and in the manner aforesaid, fully empowering and authorizing my said wife and her assigns,—provided said annuity, or any part thereof, shall remain unpaid after the expiration of thirty (30) days from the time the same shall be due and payable, as aforesaid,—to enter into all and singular the premises charged with the annuity, as aforesaid, and the rents, issues and profits thereof, to receive and take until she and they be therewith and thereby, or by the person or persons then entitled to the immediate possession of the premises, paid and satisfied the same, and every part thereof, and all the arrears then due and payable, together with her and their costs, damages and expenses paid out and sustained by reason of the non-payment thereof."

The son, Gottlieb M., and the wife, Christiana G., were appointed, by his will, executors.

On the 23d of November, 1875, the said Gottlieb M., with Susannah, his wife, and the said Christiana G., executed and delivered a trust deed on said lot one (1), to secure a loan of $2000 to said Gottlieb M., under which the lot was afterwards sold, and the title thereto vested in one Archibald Mc-Masters, February 1, 1879. He then took possession, and from that date he and his grantee, Sarah McMasters, continued to occupy the premises and enjoy all the rents and profits of the same to the filing of the bill herein. Gottlieb M. died October 10, 1881, leaving Susannah, his widow, and several children. Christiana G., appellant's intestate, died in 1885, and he was duly appointed her administrator. The said Susannah Young filed her claim against the estate for board-

34—128 ILL.

ing, nursing and washing for deceased, which was allowed February 8, 1887, for $1935.10. Pending this claim in the county court, appellant filed this bill, seeking to recover an unpaid balance of said annuity.

By the original bill, he sets up the said will of George M. Young, and avers that at the time of the death of the intestate there was due her on said annuity, and that the same was and is a charge and incumbrance upon both of said lots one (1) and two (2), and a valid lien thereon, superior to all other liens or claims thereto. The prayer of the bill is, "that the amount of the said annuity due and unpaid to said Christiana G. Young at the time of her death, be ascertained, and by this court declared a valid and subsisting lien on both of said lots, and that said defendants, or some of them, may be decreed to pay said amount of due and unpaid annuity to complainant, as administrator to the estate of said Christiana G. Young, by a short day to be fixed by the court, and that in default of such payment said lots may be decreed to be sold ,by the master in chancery, as in case of foreclosure of mortgages under decree in chancery, to satisfy said lien for said annuity. To this bill, appellees, the said Susannah Young, who is averred to·be in possession of said lot two (2), claiming some interest therein, Sarah McMasters, John D. Hall and C. W. Edwards, who are in possession of said lot 1, claiming some interest therein, and the children and heirs of Gottlieb M. Young, deceased, were made parties defendant. The bill was afterward dismissed, by complainant, as to Sarah McMasters, John D. Hall, C. W. Edwards and Susannah Young. A part of the children of Gottlieb M. Young, being minors, answered by their guardians *ad litem*, the adults not answering.

Appellees answered, admitting the facts set up in the bill as to title in George M. Young, devise to Gottlieb M. Young and themselves, and the annuity to Christiana G.; but they deny that any part of said annuity remains due and unpaid to her or her administrator, averring that the same has been

fully paid; that from the death of said George M. Young to her death, she was in possession of lot 2, and received all the rents and profits thereof, which much more than paid and satisfied that part of said annuity chargeable against said lot; that she also took possession of and had all the rents and profits of lot one (1), until the sale thereof under said trust deed, which is set up in their answer.

The cause being referred to the master in chancery to take and report the proofs, together with his conclusions, he reported, that from the evidence he found, that from the death of the said George M. Young to April 10, 1881, the said Gottlieb M., for his mother, Christiana G., collected and used the whole of the rents and profits of said lots, except that on lot one (1) none accrued after February 1, 1879; that after his death, the said Christiana G. continued to reside with his widow, the said Susannah, until she died, during all of which time the said Susannah continued to collect, use and appropriate, as the agent of Christiana G., all the rents and profits of said lot two (2); that said Christiana G. died on said lot two (2), being in possession thereof, residing thereon with said Susannah. Exceptions to this report being overruled, appellant obtained leave of court to amend his bill, and did so by setting up title to lot one (1) in said Susannah, under an alleged parol agreement between her and George M. Young, by which he agreed to convey her said lot 1, provided she would cause to be built thereon a dwelling house. When this contract was made, when the house was to be built, what it should cost, and when the deed was to be made, does not appear; but it is averred, generally, that she performed the contract on her part, taking possession of said lot, but that he failed and neglected to make the deed to her. The object of this amendment seems to be to charge the whole of said annuity on lot two (2), notwithstanding, by the terms of the will, it was payable out of both lots. The cause being finally submitted on the pleadings and the master's report, the bill was dismissed for want of equity,

at complainant's costs. That decree was affirmed by the Appellate Court.

There is no equity in the original bill, on its face, and certainly, as amended, it can not be said to appeal to the conscience of a court for the relief prayed. It is not pretended by the bill, that appellees ever had possession of lot two (2), even to the date of filing the bill, or that they ever received any of the rents thereof. There is nothing in the bill to show that Christiana G. did not exercise, or could not have exercised, her right, under the will, to take possession of and receive the rents and profits of said lots, thus fully satisfying her annuity, as provided by the terms of the will. She could not, therefore, permit her annuity, without the fault of appellees, to accrue from year to year, until sufficient in amount to swallow up the fee of these lots, and then ask a court of equity to have them sold to satisfy such claim. Besides, we think it is clear, from the provisions of the will giving her the annuity, that it was not a charge upon the lots themselves, but only upon the rents and profits of the same, which being true, her rights were only enforceable against such rents and profits, and not against the *corpus* of the estate. "A direction to pay an annuity out of the rents and profits, charges only the rents and profits, and not the *corpus* of the estate, unless a contrary intention appears, and can be enforced only against the devisees personally, so far as they have received the rents, and the fee and life estate in the realty could not be sold to provide the annuity." *Delaney* v. *Van Aulen*, 84 N. Y. 16.

Again, the theory of the bill is, that the annuity was made a charge upon both lots, each to pay a ratable part thereof; but the administrator, of his own motion, seeks to have the more valuable of the two entirely discharged, and the whole charged against appellees. To permit that to be done, would be to violate the expressed provisions of the will, and that, too, without the slightest equitable ground therefor. What right has the administrator to set up adverse claims in third parties to

defeat the will of George M. Young, if the construction he places upon it is correct? It also appears that his intestate voluntarily joined in the trust deed, by which the title to lot 1 became vested in McMasters, and she certainly thereby relinquished all claim to a ratable part of her annuity, which should have been paid out of said lot 1. She could not, therefore, nor can her administrator, charge the whole of said annuity against appellees, even if they were liable beyond the rents and profits of said lot 2.

On the theory of the case as tried in the court below, the conclusion reached by the Appellate Court is clearly right, and we are satisfied with the views expressed by that court in the opinion rendered by SMITH, J. There is no merit in the cause made by appellant, either in law or in fact.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*