AUGUSTA W. DeHAVEN

*v.*

FRANCIS T. SHERMAN *et al.*

*Filed at Ottawa November 26, 1889.*

1. WILLS—*creating an annuity—as distinguished from a rent charge.* Certain real estate was devised to a trustee, to rent the same, to receive and collect the rents thereof, with power to borrow money to rebuild in case of loss by fire, and mortgage the same to secure the loan, and the will directed that after the payment of all the taxes, etc., the trustee, out of the rents, should pay to the testator's widow $6000 per annum, and to each of his children $3000 per annum, and apply so much of the residue as should be necessary, to the payment of the indebtedness incurred to repair or rebuild the premises, and after such indebtedness should be fully paid, that the trustee pay the widow one-third of the remaining portion of the fund and divide the balance between the children, and at the widow's death divide the whole of such remainder among the children, equally; and further directed that the trustee should keep the property entire and undivided, and appropriate the rents and profits in the manner before stated, during the life of the widow and children, and until the death of the last survivor of them, and until the youngest child of any and all his said children should become of age : *Held*, that the payments directed to be made to the widow and children were not rent charges, but simply annuities, to be paid from the annual rents to accrue from the property.

2. Unless it appears that it was the intention of the testator to charge the payment of the annuities upon the *corpus* of the estate, they can

only be enforced against the trustee personally, so far as he has received the rents; and the fee in the realty, whether for life or for years, can not be sold for their payment.

3. APPEAL—*whether a freehold involved—construction of a will—as to whether an annuity out of rents, or a rent charge.* In the case of an annuity created by will, payable out of the annual rents of an estate, no freehold passes to the annuitant.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN C. BAGBY, Judge, presiding.

This was a bill in equity, in the circuit court of Cook county, seeking construction of the last will and testament of Francis C. Sherman, deceased. So much of the will as is pertinent in this case reads as follows:

"I do give, bequeath and devise my real estate in said city of Chicago, known as the Sherman House property, and described as lots seven (7) and eight (8), in block thirty-four (34), in the original town (now city) of Chicago, in said county, with the hereditaments and appurtenances, to Joshua L. Marsh, of said city, as trustee, and his successors forever,—in trust, however, for the following uses and purposes, and upon the following conditions: Immediately upon my death to take possession of said Sherman House property, and collect and receive all the rents, issues and profits thereof then due or thereafter to become due, and upon the termination, in any manner, of the lease or any portion thereof, or upon any portion thereof becoming vacant, to rent the same to such person or persons, and upon such terms and conditions, as he may think best, provided, that no lease or demise shall be for a longer term or period than ten years.

"I do hereby authorize said trustee to insure said property as he may think best, and in case the same, or any portion thereof, shall be injured or destroyed by fire, or otherwise, to repair or rebuild the same, and for that purpose to borrow money, if by him thought advisable or necessary, upon such terms and conditions, and for such time or times, and in such

amounts, as he may see fit, and to execute and deliver any and all necessary notes, bonds, mortgages, deeds of trust, or other instruments in writing, to secure the payment of the same, upon said Sherman House property, and to renew or extend the time of payment of any such loan, or again borrow money for the payment of any such loan, or any I may have made on the same, and secure the same as aforesaid.

"After the payment of all taxes, rates and assessments legally levied, assessed or imposed upon said property, and all premiums for insurance, and all interest, as it matures, that may become due upon money borrowed for the purchase, improvement, rebuilding or repairing of said property, or that may have been borrowed by me and secured on said property, and after paying all expenses necessary for taking care of my cemetery lot at Graceland Cemetery, and keeping the same in a suitable and proper condition, not exceeding $250 per annum, which I expressly direct him to have done, and all reasonable charges and expenses attending the execution of this trust, I direct said trustee to appropriate the remainder of said rents, issues and profits as follows :

"Until the indebtedness hereinbefore referred to, for the purchase, improvement, repairing or rebuilding said property, shall have been fully paid, I direct my said trustee to pay to my said wife the sum of $6000 per annum, and to each of my children living the sum of $3000 per annum, all payable quarter-yearly, and the remainder to the payment of said indebtedness. After said indebtedness shall have been fully paid, I direct said trustee to pay to my said wife, while living, one-third of such remainder, and divide the remainder among my children, equally, and after her death, to divide the whole of such remainder among my children, equally. In case of the death of any of my said children, the heirs of his or her body, if any, shall in all cases represent him or her, and be entitled to his or her share.

"It is my desire, and I do hereby direct, that my said trustee shall have, hold and manage said Sherman House property entire and undivided, and appropriate the rents, issues and profits thereof in the manner hereinbefore specified, during the natural life of my said wife and children, and until the death of the last survivor of them, and until the youngest child of any and all of my said children shall become and be of the age of twenty-one years, and then to convey the same to the heirs of my said children, the heirs of each child representing and being entitled to one equal share."

By a codicil, the testator subsequently directed that compensation to the trustee for his services should not exceed $1500 per annum, and that the payments provided in the will to be made to his wife and children should be monthly, instead of quarterly.

Augusta W. De Haven, executrix of the last will and testament of Joseph De Haven, deceased, was made a defendant, and she answered, and also filed a cross-bill. Among other things, she alleged in her cross-bill, "that said Francis T. Sherman was, on or about the 25th day of January, 1875, duly adjudicated a bankrupt, in the District Court of the United States for the Northern District of Illinois, under and in pursuance to the provisions of the Bankrupt act of the United States then in force; that said Sherman afterwards conveyed to the register in bankruptcy all his estate of every kind, including his right to have and receive all annuities and moneys provided for him in said will, then due or thereafter to become due and payable to him; that thereafter, on or about the 19th day of February, 1875, Samuel B. Walker was duly appointed assignee in bankruptcy of the estate of said Francis T. Sherman; that on February 20, 1875, said register conveyed to said assignee all the estate, title and interest which said Sherman had conveyed, as aforesaid, to said register; that said assignee, on November 12, 1875, conveyed, under order of court, by deed of that date, to Hugh A. White, all said estate, title

and interest; that on February 23, 1876, White conveyed said estate, title and interest and rights to Joseph E. DeHaven, all of which will more fully appear from proceedings and records of court and said conveyances; that by virtue of said Bankrupt law, the said proceedings and said conveyances, the said Joseph E. DeHaven, on the date of the conveyance to him, became the owner of all the estate and interest in and to said Sherman House property which said Francis T. Sherman had or was entitled to have at the time of said adjudication in said court, and vested with the right and title to have and receive from said trustee, at the times and in the manner provided in said will, all moneys and annuities provided in said will to be paid to said Francis T. Sherman, and which, at the time of said adjudication, were due and unpaid to said Sherman, or which might thereafter become due and payable to him according to the provisions of said will; that Joseph E. DeHaven died on December 2, 1879, still owning the said estate, rights and interests conveyed to him as aforesaid, leaving a will, by which your oratrix was appointed sole executrix, and in which will the testator conveyed all his real and personal estate for certain trust purposes; that the will has been duly probated, and letters testamentary issued to your oratrix on or about February 6, 188 , and that your oratrix has since said last date been, and yet is, such executrix and trustee, and as such has succeeded to all the estate, right and interest formerly held, as aforesaid, by said Francis T. Sherman, and that as such she is now entitled to have and receive from the trustee, under the will of said Francis C. Sherman, all moneys and annuities which were provided in said will to be paid, as aforesaid, to said Francis T. Sherman, the same as said Francis T. Sherman might have done had he not been adjudicated bankrupt, as aforesaid; that neither Francis T. Sherman, Joseph E. De-Haven nor your oratrix has received any payment on account of said annuities." The cross-bill concludes with a prayer that a decree be entered declaring the complainant therein to be

entitled to payment of her said claims, and requiring said trustee to pay her the amount found due, etc.

Francis T. Sherman answered the cross-bill, admitting his bankruptcy, but denying that any interest in the Sherman House property, or the amounts to be paid to him out of the rents thereof by the trustee of the estate of Francis C. Sherman, passed by the sale and conveyance of his assignee in bankruptcy to Hugh A. White, or by the sale and conveyance of Hugh A. White to De Haven.

On hearing, the circuit court found and decreed as follows: "And the court, after argument by counsel, and being fully advised in the premises, doth find, from the evidence, that the said complainant has not acquired any title to or interest in the moneys which said defendant, Francis T. Sherman, might be entitled to demand and receive from the trustee under the provisions of the will of his father, Francis C. Sherman, deceased, out of the rents and profits of the property known as the Sherman House property, being lots seven (7) and eight (8), in block thirty-four (34), in the original town of Chicago, by said will devised to Joshua L. Marsh, as trustee. And it is therefore ordered, adjudged and decreed by the court, that said cross-bill and amended cross-bills be and the same are hereby dismissed for want of equity." From that decree Augusta W. De Haven appeals to this court, and assigns errors questioning its correctness.

Messrs. Paddock & Aldis, for the appellant:

As to what constitutes a freehold, see 1 Preston on Estates, 200, 206, 209, 213, 214; Shepard's Touchstone, 202.

The devise of a net income of an estate to a wife and children is a devise of the property to them during their lives. *Mather* v. *Mather*, 103 Ill. 613; *Handberry* v. *Doolittle*, 38 id. 202.

The seizin of the trustee is, in equity, the seizin of the widow and the children. Perry on Trusts, secs. 433, 863.

Messrs. Wilson & Moore, for the appellees:

Appellant did not, by the deed from White, acquire the right to receive the annuity of $3000 a year, payable to Francis T. Sherman out of the surplus rents and profits of the trust estate. 2 Greenleaf's Cruise on Real Prop. 75, 76; *Stafford* v. *Buckley*, 2 Ves. Jr. 177; *People* v. *Haskins*, 7 Wend. 465; *Baker* v. *Copenbarger*, 15 Ill. 103; *Jennings* v. *Smith*, 29 id. 121; *Nicoll* v. *Ogden*, id. 383.

Mr. Justice Scholfield delivered the opinion of the Court:

Very clearly, the payments which the will directs the trustee to make to the widow and the children are not a rent charge. 1 Thomas' Coke, 349, 143 b; 3 Greenleaf's Cruise's Digest, 71, 72; 3 Kent's Com. (12th ed.) 595, *496. They are simply annuities, to be paid from the annual rents contemplated to accrue from the leasing of the Sherman House. 1 Broom & Hadley's Com. (Ward's notes,) 459, *55; 1 Thomas' Coke, 352, *144 b; 3 Kent's Com. (12th ed.) 595. It could not have been intended by the testator that the payment of these annuities are a charge against the *corpus* of the estate, because that might have defeated the power expressly given to the trustee to borrow money to rebuild, and secure the loan by mortgage on the property, and his expressed intention that his trustee "shall have, hold and manage the Sherman House property entire and undivided," and appropriate the rents, issues and profits in the manner therein before directed, during the natural life of his wife and children, and until the death of the survivor of them. The rule is, that unless it appears it was intended by the testator to charge the payment of the annuities upon the *corpus* of the estate, they can only be enforced against the trustee, personally, so far as he has received the rents. The fee in the realty, whether for life or for years, can not be sold for their payment. (*Irwin* v. *Wollpert*, 128 Ill. 527; *Delaney* v. *Van Aulen*, 84 N. Y. 16; *Nudd* v. *Powers*, 136 Mass. 276;

*Baker* v. *Baker*, 6 H. L. 616.)   Whatever, therefore, may, in other respects, be the effect of the deed of assignment of Francis T. Sherman, the deed of the assignee in bankruptcy to Hugh A. White, and the deed of Hugh A. White to De Haven, it is impossible that they can have the effect of passing a freehold in the Sherman House property to De Haven.   It hence follows, that under the 89th section of the Practice act (2 Starr & Curtis, 1842,) the appeal should have been to the Appellate Court for the First District, instead of to this court.

The appeal is accordingly dismissed at appellant's costs, and leave is given to her, if she shall so desire, to withdraw record, abstracts and briefs, for the purpose of filing them in the Appellate Court.                    *Appeal dismissed.*