DANIEL STEELMAN, executor of Philip M. Wheaton,

*v.*

ARABELLA WHEATON.

[Submitted March 19th, 1907.  Decided March 23d, 1907.]

1. Where the pertinent fact alleged in a bill of complaint as ground for relief raises a doubt as to complainant's right thereto, a general specification of want of equity in a motion to strike from the files the bill of complaint is sufficient.

2. Where an executor was to invest a sufficient sum to produce $1,200 annually, which was to be paid to the annuitant during her natural life,

"in payments quarterly of three hundred dollars each," such bequest is an annuity.

3. Where an administrator *pendente lite* pays a legacy to a person entitled to it, which the character of his appointment does not authorize him to do, he will nevertheless be allowed such payment in his accounting, if the estate was able and liable to pay·after all prior charges were provided for.

On motion to strike out bill of complaint.

*Mr. Robert H. McCarter* and *Mr. Herbert A. Drake,* for the complainant.

*Mr. Gilbert Collins,* for the defendant.

BERGEN, V. C.

The bill in this case seeks an injunction restraining the defendant from prosecuting her action at law for the recovery of the accrued portion of a bequest which appears in the last will and testament of her husband, in the following words:

"I hereby instruct, authorize and empower my executor, hereinafter named, as soon as it is convenient after my decease, to invest a sufficient sum or sums of money of my estate, with good and sufficient security, approved by the orphans court of the county in which this will is probated, which will bear twelve hundred ($1,200) dollars interest annually; and this sum of twelve hundred ($1,200) dollars I give and bequeath to my wife, Arabella Wheaton, during her natural life, and if she again does not marry, which sum of twelve hundred ($1,200) dollars is to be paid annually to my said wife, by my executor, in payments quarterly of three hundred ($300) dollars each, and upon her decease, or upon her again marrying, or upon my decease, if I should survive my said wife, I give and bequeath the sum or sums of money which my executor is authorized to invest for the use of my wife to my daughter, May Steelman, if she be living."

After the death of the testator this defendant filed a caveat against the probate of the will, and in proceedings had thereon in the orphans court the will was admitted to probate. From this decree she appealed to the prerogative court and to the court of errors and appeals, the result in each of the appellate courts being an affirmance of the decree of the orphans court. During

the pendency of the litigation an administrator *pendente lite* was appointed by the orphans court, and under an order made by that court he paid to the defendant her legacy or annuity of $1,200 from the date of her husband's death; the whole amount paid by him up to the time the will was established amounted to $4,600; since then three quarterly payments of $300 each have accrued, to recover which the action at law now sought to be enjoined was brought. The complainant alleges that no part of the $1,200 was payable to the defendant until the executor had qualified and invested an amount sufficient to produce it, and that as the delay in making the investment was caused by the litigation instituted by the defendant, she is not entitled to the payments made by the administrator, and that she is not now entitled to further payments until he has recouped out of the income due and to become due a sum sufficient to repay to the estate the sum of $4,600 improperly obtained by her, and that in no event was she entitled to have her income run from the date of the testator's death. The residuary legatee has notified them that she will contest any further payments until the moneys, which she claims were improperly advanced to the defendant, have been recouped from such accruing income.

The defendant now moves to strike from the files the bill of complaint, alleging as a reason therefor a want of equity. Whether this motion should be allowed depends upon the interpretation to be given the bequeathing clause. The defendant insists that a proper construction of the will, as set up in the bill, does not warrant the granting of an injunctive order, and therefore the bill should be dismissed, this motion being, under our practice, a substitute for a demurrer. The complainant resists the motion on several grounds, the first being that, on a motion of this character, the notice should be as specific as is required in case of a demurrer, and that a notice to strike out, for want of equity, a bill filed by an executor for affirmative relief dependent upon the construction of the will under which he is acting, does not satisfy rule 209, which calls upon every demurrant to distinctly specify the grounds of a demurrer. The retention of complainant's bill depends upon the character of the bequest; if there is an annuity, the defendant has only received

what she was entitled to, and the complainant would then have no standing in this court; on the other hand, if it is only a gift of the income for life of a principal sum to be invested, with remainder over, then the complainant has made a case entitling him to an answer, or, in default thereof, a decree upon *ex parte* proofs. It therefore follows that the only question to be met on this branch of the case is whether the clause in the will, upon which the complainant rests his case, entitles him to equitable relief. It seems to me that the question is clearly presented in the bill of complaint, for an inspection of it shows that the right to relief rests upon the interpretation of the material and only real element of dispute, which is the effect, when properly construed, of the clause of the will upon which the complainant founds his prayer for injunction. The defect is not latent or obscure, but the pertinent fact alleged in the bill as a ground for relief raises a doubt as to complainant's right thereto, and I am of opinion that the general specification of want of equity is sufficient to justify me in hearing this motion. *Essex Paper Co.* v. *Greacen, 45 N. J. Eq. (18 Stew.) 504; Parker* v. *Stevens, 61 N. J. Eq. (16 Dick.) 163.*

The second ground urged by the complainant in resisting this application is that the legacy is not an annuity payable from the death of the testator, but is a gift of the interest or income of a sum to be invested, making it an ordinary legacy, the income from which begins to run in favor of the legatee, only after the expiration of the year following testator's death, and as the administrator *pendente lite* has treated it as an annuity and paid the defendant accordingly, she has received $1,200 more than she should, and ought not to be allowed to press her action at law until she has accounted therefor, or the complainant has received sufficient income, and returned it to the *corpus* of the estate, to liquidate the overpayment.

Whether this bequest is an annuity is the only question to be considered on this branch of the case. In *Booth* v. *Ammerman, 4 Bradf. Surr. 129,* an annuity is well described as follows: "An annuity is a stated sum per annum, payable annually unless otherwise directed. It is not income or profits, nor indeterminate in amount, varying according to the income or profits,

though a certain sum may be provided out of which it is to be
payable." I am of the opinion that the bequest we are consider-
ing falls within this definition, for the executor is to invest a
sufficient sum to produce $1,200 annually, which is to be paid
to the annuitant during her natural life "in payments quarterly
of three hundred ($300) dollars each." It is the gift of a fixed
sum, not indeterminate in amount, or varying according to the
income or profits, and if the amount set apart by the executor to
produce this annual sum should for any reason fail to produce
it, the residuary legatee would be required to provide the defi-
ciency.

In *Craig* v. *Craig*, *3 Barb. Ch. 76*, the gift to a wife was:

"I also give to her an annuity of $1,600 per year, to be paid to her in
semi-annual payments, the principal of such annuity to be invested in
such manner as she may reasonably require."

In construing this language the court held that the annuity
for the widow began to accrue at the testator's death.

In *Merritt* v. *Merritt, 43 N. J. Eq. (16 Stew.) 11,* the will
ordered the executors to invest sufficient money to produce an
annual income of $1,000 for testator's son, to be paid in equal
weekly payments. The amount invested proving insufficient,
through changes in interest rates, to produce the required annual
income, the deficiency was decreed to be paid by the residuary
legatees, the court saying: "It was obviously the intention of
the testator to provide and secure, out of his estate, an annuity
of $1,000."

In *Welsh* v. *Brown, 43 N. J. Law (14 Vr.) 37, 43,* Chief-
Justice Depue said: "The distinction between an annuity pure
and simple, which is to be paid at all events out of testator's
estate, at the expense of the residuary legatee, and the interest
or income for life of a certain sum set apart by the testator for
that purpose, and given over in gross to another after the death
of the life tenant, has been quite uniformly adhered to," citing
with approval, from *Baker* v. *Baker, 6 H. L. Cas. 623,* the fol-
lowing portion of Lord Cranworth's opinion: "In all these
cases arising upon the construction of wills the real question is
whether that which is given is given as an annuity or is given

as the interest of a fund, and where· that question is to be considered, what you must look to is this: whether the language of the testator imports that a sum, at all events, is annually to be paid out of his general estate, or only the interest or a portion of the interest of a capital sum which is to be set apart."

Turning to the will under consideration, there is no gift of the interest of a capital sum which is to be set apart. It is a gift of a sum which is annually to be paid out of testator's estate, and is not subject to any diminution resulting from a change in the rate of interest, the payment of taxes, or a failure from any reason of a particular fund to produce the amount.

The only case to which I have been referred as holding a contrary doctrine is that of *Cogswell, Executor,* v. *Cogswell, 2 Edw. Ch. 231,* but there the gift was to his executors in trust to set apart a sufficient sum to produce an annual income of $1,000,

"and from time to time, as the same shall become payable, to permit my wife to take such interest moneys, in the whole amounting to the annual interest of one thousand dollars."

In interpreting this language the court held that "the gross sum to be set apart to produce the yearly income of one thousand dollars is considered in the light of a legacy, payable by law at the end of the year." It will be observed that in this case the testator fixes the time of payment of the gift to be when the interest or income arising from the investment provided for "shall become payable," and the court was of opinion that it was the plain meaning of the will that the widow was only entitled to such dividends as were declared after the expiration of the first year, and that as the gift depended upon the proceeds of an investment, to be made in stock, the executor might take one year for the purpose of making the investment, in analogy to the time allowed by law for paying legacies. I apprehend that in determining this cause Vice-Chancellor McCoun was influenced by the fact that it was not considered an absolute gift of $1,000, to be paid in annual or at other fixed periods, but rather of interest moneys upon investments to be made, to be paid to the wife as the income from such investments became payable, for the authority upon which he relied in reaching his determina-

tion, viz., *1 Rop. Leg. 588,* does not support the proposition that a gift of a stated sum, payable annually unless otherwise directed, without regard to the income or profits derived from the portion of testator's estate set aside by his executors to provide it, is not an annuity, for a reference to the authority cited declares:

"But if the disposition be of a sum of money, and the interest of it is given as an annuity to B for life, the first payment will not accrue before the expiration of the second year after the death of the testator,"

and the learned author undoubtedly means that the disposition shall be of a fixed sum upon which the interest is given, and not of a fixed amount to be paid without regard to the amount of the fund required to produce it. If the case just referred to is an authority sustaining a rule that the gift of a fixed sum, to be paid annually, is an ordinary legacy and not an annuity, because the executor is to invest a sufficient portion of the estate to provide for the annuity, without any direction as to the amount of the investment, then it is contrary to the weight of authority on this subject.

It was insisted on the argument that as the will directed the executor to invest a sufficient sum to raise the $1,200 annually, the executor was not required to make the investment until the expiration of one year from testator's death. The answer to this contention is that the executor is only authorized to do what the law requires and permits him to do. He is always justified in setting apart immediately a fund sufficient to indemnify him against the payment of the annuity.

A further contention of the complainant is that, granting the bequest to be an annuity, nevertheless the defendant was improperly paid all that she received, because her opposition to the probate of the will was "unwarranted, dilatory and vexatious," and that by reason of such conduct the executor was prevented from making the investments required to provide the annuity. I am unable to discover any equitable reason for refusing to the defendant what she is entitled to under the will simply because she contested its probate to an unsuccessful issue. The estate was in the hands of an officer appointed by the court. The pre-

sumption is that he did his duty and kept the money invested, and the contrary is not alleged. Therefore it could make no difference in the status of the estate whether the administrator or the executor collected the income, and I am aware of no equitable rule which visits upon an unsuccessful litigant the penalty of depriving him of that portion of the estate which the courts have determined he is entitled to, notwithstanding his unsuccessful claim that he was unfairly dealt with.

Whether the administrator *pendente lite* was justified in paying legacies is a question which cannot be determined in this suit. That is a matter of administration. The funds were placed in his hands by the orphans court to be administered by him as the law directs, and any improper misapplication of the funds committed to his charge must be adjusted in the settlement of his accounts in that court. If this defendant was entitled to the money it would have to be paid to her by the present executor, and the fact that it may have been paid to her by the administrator *pendente lite* works no injury to the parties interested therein which calls upon a court of equity to interfere, for such an administrator, even if he pays a legacy which the character of his appointment does not authorize him to do, will nevertheless be allowed such payment in his accounting, provided the party who received it was entitled to it, and the estate able and liable to make the same after all prior charges are provided for.

The result which I have reached is that the bill of complaint presents no equity as against this defendant, and the motion should prevail.