*287 OPINION.
Mellott:
Petitioner contends that the agreement of the parties “constituted a trust, inter vimos, among the beneficiaries interested in' the estate of Annie M. Wallace and John C. Wallace”; that it was *288 not a modification of a will or wills but was directly contrary to the will of Annie M. Wallace; that the payments to the beneficiaries (the nieces) were not in the nature of bequests or gifts to them, but were made under a trust which the parties created; and that such amounts are deductible as income of a trust “distributed currently by the fiduciary to the beneficiaries.”
Section 161 (a) of the Revenue Act of 1932 provides that “the taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust.” Subsection (b) requires that “the tax shall be computed upon the net income of the estate or trust and shall be paid by the fiduciary.”
Petitioner bases its claim that the income in question is deductible, on section 162 (b) of the Revenue Act of 1982, which reads as follows:
(b) There shall be allowed as an additional deduction in computing the net income o£ the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.
Did the agreement of the parties constitute a modification of the will of John G. Wallace or of the will of Annie M. Wallace? A few states, among them Rhode Island, recognizing that it is frequently desirable to adjust by compromise controversies arising either under or because of the will of a testator, have enacted statutes providing, in substance, for the modification of a will in accordance with a compromise, and for the administration of a testator’s estate under the will as modified. But no such statute has been enacted in Pennsylvania, though our attention has been called to the Pennsylvania Fiduciary Act of 1917, p. 1, 447, section 140, shown in the margin.[1] This section has not been construed by the courts of Pennsylvania, but, as we read it, it does not seem to permit the probate of a will when modified by a compromise of the litigants as *289 the Rhode Island statute apparently does. We conclude, therefore, that the agreement in evidence before us is not, under the law of Pennsylvania, a part of the will nor a modification of it. (Cf. Hu L. McClung et al., Executors, 13 B. T. A. 335, and cases cited; Barber v. Westcott, 43 Atl. 844; Godman v. Commissioner, 50 Fed. (2d) 763.) But our decision upon this point does not determine the question we are called upon to decide.
Petitioner apparently believes that since the agreement provides for the payment of the income to the beneficiaries (the nieces), it follows as a matter of course that they, rather than the trust estate, must pay the tax; but we are of the opinion that under the facts before us the tax is payable by petitioner rather than by the annuitants.
It is immaterial how the rights of the beneficiaries arose, whether under the will, under a modification of it, or under the agreement. The statute applies to “any kind of property held in trust.” The tax is computed upon the net income of the trust and is payable by the fiduciary unless deductible under 162 (b), supra. This is true whether the trust is testamentary or established by agreement of the parties. The statute makes no distinction and we see no reason why we should do so.
It will be noted that the “annuities” are payable to the nieces at all events, without reference to the existence or absence of income. This, we believe, requires the application of the rule enunciated by the Supreme Court in Burnet v. Whitehouse, 283 U. S. 148, and Helrering v. Pardee, 290 U. S. 365. These cases hold that where an annuity is “not one to be paid from income, but of a sum certain, payable at all events during each year so long as” the annuitant shall live, it is not taxable to the annuitant. While both of the cited cases involved testamentary trusts, no reason is apparent why a different rule should be applied to a trust inter vivos. It would be an anomaly to tax the distributions received by beneficiaries under a trust inter vivos, and exempt them from tax when the distributions are made under a testamentary trust. The statute by its terms is applicable to “income of estates or of any kind of property held in trust”, which, as pointed out above, makes it applicable to the facts before us.
The recent case of Old Colony Trust Co., Trustee, 33 B. T. A. 311, decided by us October 29, 1935, seems to be quite similar upon its facts. In that case a trust deed was executed, creating a trust for the purpose of carrying out some wishes of the grantor’s brother, who had died intestate, leaving the grantor as his sole heir. The trust deed directed the trustees to pay certain annuities, and, as we pointed out, disclosed “an intention on the part of the grantor to make the annuities charges upon both the income and corpus.” We held that “the annuities were, therefore, gifts and the trustees were not *290 entitled to deduct the amounts paid to the annuitants”, citing in that connection Helvering v. Pardee, supra; Burnet v. Whitehouse, supra; Boston Safe Deposit & Trust Co. v. Commissioner, 66 Fed. (2d) 179 (affirming 26 B. T. A. 486); certiorari denied, 290 U. S. 700, and Bridgeport-City Trust Co., Trustee, 32 B. T. A. 1181.
In Bay Trust Co., Trustee, 34 B. T. A. 233, we held, under facts quite similar to the facts of the instant case, that the amount of a fixed annuity, payable in any event and irrespective of the amount of trust income, was taxable to the trustee of a trust notwithstanding that in the taxable year the payment was made solely from trust income. Cf. Warner v. Commissioner, 66 Fed. (2d) 403, and cases cited.
The respondent did not err in holding that petitioner could not deduct the distributions of income made by it to the nieces of Annie M. Wallace, and the deficiency as determined by him is approved.

Judgment will be entered for the respondent.

 Whenever it shall be proposed to compromise or settle any claim, whether in suit or not, by or against a minor or the estate of a decedent, or to compromise or settle any question or disputo concerning the validity or construction of any last will and testament or the distribution of any decedent’s estate, the orphans’ court having jurisdiction of the accounts of the fiduciary shall he authorized and empowered, on petition by such fiduciary, setting forth all the facts and circumstances of such claim or question and proposed compromise or settlement, and duly verified by oath or affirmation, and after due notice to all parties interested, and after due consideration, aided, if necessary, by the report of a master, if satisfied that such compromise or settlement will be for the best interests of such minor or of the estate of such decedent, to enter a decree authorizing the same to he made, which decree shall operate to relieve the fiduciary of responsibility in the premises.