ARTHUR U. CROSBY AND THE MORRISTOWN TRUST COMPANY (A CORPORATION), TWO OF THE EXECUTORS OF THE LAST WILL AND TESTAMENT OF KATHARINE HUNTINGTON MORGAN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79652. Promulgated April 24, 1936.

*Robert E. Burke, Esq.*, and *Evert L. Bono, Esq.*, for the petitioners.

*John D. Kiley, Esq.*, for the respondent.

#### OPINION.

LEECH: Petitioners ask redetermination of a deficiency in income tax in the amount of $2,192.66 for the year 1932. The facts are found as formally stipulated.

Henry K. Morgan died, testate, on July 26, 1931, owning an estate valued at $961,868.62.

The executors named in his will were duly appointed by the Surrogates Court of the County of Morris, State of New Jersey, and qualified as such. Katharine Huntington Morgan, one of the executors, died on the 22d day of October 1933, and the Morristown Trust Co., of Morristown, New Jersey, is the surviving trustee of the estate of Henry K. Morgan, deceased.

Katharine H. Morgan, surviving wife of Henry K. Morgan, deceased, elected to accept the rights to the property of the decedent, as provided for in the will, in lieu of her dower and statutory rights.

The last will and testament of Henry K. Morgan, deceased, provided, so far as here material, as follows:

SECOND: If my wife, Katharine Huntington Morgan, should survive me, I give and bequeath to her all my books, pictures, bric-a-brac, furniture, automobiles and other goods and chattels. If she should die before me, I give and bequeath the same to my daughter, Emily Morgan Crosby.

THIRD: I give Five Thousand Dollars to Arthur U. Crosby to hold in trust for Katherine Crosby for whose benefit the income therefrom shall be used until she shall arrive at the age of twenty-five years when she shall receive the principal.

To Wyman Whittemore I give Ten Thousand Dollars on the following trusts:

Five Thousand Dollars thereof shall be held for Mary Emerson Whittemore who shall receive the benefit of the income therefrom until she reaches the age of twenty-five years.

The remaining Five Thousand Dollars thereof shall be held for Louise Adams Whittemore who shall receive the benefit of the income therefrom until she reaches the age of twenty-five years.

If any of said three beneficiaries should die before me then the legacy to the one so dying shall lapse and become part of the residue of my estate and pass as provided in my said will.

Each beneficiary surviving me shall at my death have an absolute vested interest in the amount set aside for her benefit, notwithstanding the fact that I have directed that payment of the principal shall not be made until she shall reach the age of twenty-five years.

A release from the Trustee named for each beneficiary shall be a complete acquittance to my executors.

FOURTH: I make the following bequests:

(1) To my daughter Emily Morgan Crosby I give Fifty Thousand Dollars:

(2) To Katherine Huntington Brooks (known in religion as Sister Katharine Angela) I give Ten Thousand Dollars.

(3) To Mary Brooks Whittemore of Boston, Massachusetts, I give Ten Thousand Dollars:

(4) To the Rector, Wardens and Vestrymen of St. Peter's Church of Morristown, New Jersey, I give the sum of Five Thousand Dollars in trust to be invested in safe securities and the interest thereon to be used for the worthy poor of the Parish:

(5) To the Morristown Memorial Hospital, I give Five Thousand Dollars:

(6) To the Evergreen Cemetery of Morristown, New Jersey, I give Five Hundred Dollars for the perpetual care of my lot in said cemetery.

FIFTH: All the residue and remainder of my entire estate, both real and personal of every description and wheresoever situated, I give, devise and bequeath to my executors said Katharine Huntington Morgan and the Morristown Trust Company of Morristown, New Jersey, in trust nevertheless for the following uses and purposes:

They shall hold my said estate as one fund and shall invest the same and keep the same invested and shall pay the sum of Eighteen Thousand Dollars a year in quarter yearly payments of Four Thousand Five Hundred Dollars each to my said wife Katharine Huntington Morgan, so long as she shall live.

All income from my said estate that may remain after the payment of said annuity of Eighteen Thousand Dollars to my said wife, shall be paid to my daughter Emily Morgan Crosby so long as she shall live.

At the death of my said wife my said daughter shall receive the whole income from my estate so long as she shall live.

At the death of my said daughter the income to which she may have been entitled at the time of her death shall be paid to her child or to her children in equal shares if she should leave more than one.

If at the death of my said daughter, my said wife shall still be living, then at the death of my said wife the income which she had been receiving from

my said estate shall be paid to the child or children of my said daughter Emily as above provided.

During the minority of any child or children of my said daughter the income to which he or she shall be entitled shall be paid to his or her guardian.

At the expiration of twenty-one years from the death of my daughter the trusts established by this will and held for her benefit, shall terminate and if my said wife shall then be dead the whole of the principal of my estate shall be paid, transferred and set over to the issue of my said daughter per stirpes and not per capita.

If, however, at the expiration of twenty-one years from the death of my said daughter my said wife should still survive, then I direct my said Executors and Trustees to set aside a fund sufficient in their opinion to provide said annuity of Eighteen Thousand Dollars for my said wife during the remainder of her life.

At her death the fund so reserved shall be at once paid, transferred and set over to the surviving issue of my daughter per stirpes and not per capita.

If at any time before the arrival of the time for distribution of the fund held for the benefit of my said daughter and her issue they should all be dead and if my said wife should then survive, then in that event she shall receive the whole income from my said estate until the time of her death, when my said estate shall be distributed as below provided.

If at the time for the final distribution of my said estate under the above provisions of this will, both my wife and my daughter shall be dead and if no issue of my said daughter should then survive, then in that event I direct my surviving Executor and Trustee to pay, transfer, convey and set over my estate then remaining to said Mary Brooks Whittemore, or if she should also then be dead to her issue per stirpes and not per capita.

SIXTH: I make, constitute and appoint the said Katharine Huntington Morgan and the Morristown Trust Company of Morristown, New Jersey, the Executors of this last Will and Testament, and I direct that they shall not be required to give bond or other security for the faithful performance of their duties as such Executors in this or any other State.

I fully empower my said Executors and the survivor of them, to sell at either public or private sale any or all real estate of which I may die seized and to make good and sufficient conveyances thereof.

SEVENTH: I empower my Executors to hold in the trust established by this will any and all stocks, bonds or other securities which I may own at the time of my decease. I fully empower them, if in their judgment it should seem wise, to sell the same or any part thereof, and to re-invest in other good and safe securities. It is my intention not to limit such investments to the securities in which trust funds may be legally invested by my trustees.

Pursuant to the provisions of the will of the decedent, Henry K. Morgan, there was paid to Katharine H. Morgan, surviving wife of Henry K. Morgan, during the year 1932, the sum of $18,000, wholly from income of the Henry K. Morgan estate.

Of the sum of $18,000 so paid to Katharine H. Morgan, $9,000 thereof was reported as income in the Federal income tax return of Katharine H. Morgan for 1932, the year which is now in question. This $9,000 was paid during the last six months of the year 1932. The sum of $9,000 thus received in 1932 was omitted from her income

tax return for this year. This payment was made to her during the first six months of the year 1932, which was during the period of administration of the estate of Henry K. Morgan. No deduction was claimed in the return of the estate of Henry K. Morgan for the sum paid to Katharine H. Morgan during the period of administration.

The income tax return of Katharine H. Morgan for the year 1932 showed an income tax due in the sum of $5,102.32, which tax was duly assessed and paid.

Katharine H. Morgan died, testate, on October 22, 1933. In her will, Wyman Whittemore, Arthur U. Crosby, and the Morristown Trust Co., of Morristown, New Jersey, were named as its executors. The will was duly admitted to probate in the County of Morris, State of New Jersey, and the executors named therein were duly appointed and qualified as such.

Respondent added to taxable income of petitioners' decedent for 1932, the unreported item of $9,000 so received by her from the estate of her deceased husband under the terms of his will. The pending deficiency resulted.

The sole issue submitted is whether all or any part of this sum of $18,000 thus received by petitioners' decedent was taxable to her, as income.

The Revenue Act of 1932 is applicable. Section 22 (b) (3) provides:

SEC. 22. GROSS INCOME.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

If the contested item of $18,000 received by petitioners' decedent during the taxable year from the testamentary trust created by her deceased husband, Henry K. Morgan, was a "bequest", none of it is taxable to decedent, under that provision.

It was a "bequest" if payable from the corpus of the trust, as well as its income. *Burnet* v. *Whitehouse*, 293 U. S. 148. And the source of its payment, in any instance, does not change that status. *Helvering* v. *Pardee*, 290 U. S. 365; *Burnet* v. *Whitehouse, supra; Union Trust Co. of Pittsburgh, Trustee,* 34 B. T. A. 284, and cases cited therein.

But, since the disputed amount was currently distributable by that trust to petitioners' decedent, it was taxable to her, as respondent determined, if, and only if, it was payable to her, solely from income

of the trust. Revenue Act of 1932, sec. 162 (b);[1] *Irwin* v. *Gavit*, 268 U. S. 161.

Our query then is to determine whether the disputed amount of $18,000 thus received by petitioners' decedent, during the taxable year, was payable only from income of the trust or was payable from either that income or the trust corpus.

This, of course, is determined from the intent of the creator of the trust. And that intent, in turn, must be found in the testament creating the trust.

The construction of the will under consideration is controlled by New Jersey law. *De Vaughn* v. *Hutchinson*, 165 U. S. 566.

The general rule in construing an instrument creating an annuity, to answer the pending question, is that in the absence of express restriction, or its equivalent, corpus may be used for the payment of an annuity when income is insufficient. 3 C. J., p. 212; *Smith* v. *Fellows*, 131 Mass. 20. See *Steelman* v. *Wheaton*, 72 N. J. Eq. 626; 66 Atl. 195; affd., 73 N. J. Eq. 743; 70 Atl. 1102.

Approaching the present controversy, we find the testator gave absolute monetary bequests to his three daughters. That, to his daughter Emily Morgan Crosby, the residual beneficiary of the immediate trust before us, amounted to $50,000. Except for the bequest of the testator's "books, pictures, bric-a-brac, furniture, automobiles and other goods and chattels", the controverted will contains no bequest to petitioners' decedent except the disputed "annuity."

Although so-called "annuities" may be payable from income alone (*Delaney* v. *Van Aulen*, 84 N. Y. 16; *Irwin* v. *Wollpert*, 128 Ill. 527; 21 N. E. 501), the term really has a definite meaning in the law of this case which distinguishes it from "income" as such. Thus, it is defined to be " * * * a stated sum per annum, payable annually unless otherwise directed. It is not income or profits, nor indeterminable in amount, varying according to the income or profits, though a certain sum may be provided out of which it is to be payable." *Booth* v. *Ammerman*, 4 Bradf. Sur. (N. Y.), 129, cited with express approval in *Steelman* v. *Wheaton, supra.* See also, *Burnet* v. *Whitehouse, supra; Peck* v. *Kinney*, 143 Fed. 76.

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

    *        *        *        *        *        *        *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

The word "annuity" is used twice by the testator in describing the gift to his widow, here in dispute. Among the numerous bequests and provisions of the will, that term is used in connection with no other gift or bequest.

The will contains four trusts other than that now under immediate examination. In each of them the source of the payments to the beneficiaries is expressly limited to income from or interest on the corpus. No such express limitation appears in reference to the gift of the annuity to petitioner's decedent.

Respondent argues that the repeated references in the provisions of the will creating the disputed trust, which imply that the contested "annuity" is payable from income, is the equivalent of an express provision limiting the payment of the controverted annuity to income alone. We disagree. In our judgment, in view of the large residuary estate composing this trust, we think those references imply no more than an expectation and belief that the income of the trust would be ample to meet the annuity payments to his widow. Such expectation and belief is not enough to restrict the source of payment of this annuity to income alone. *Pierrepont* v. *Edwards*, 25 N. Y. 128. See also *Steelman* v. *Wheaton*, *supra*.

The setting apart of a fund as a source of income from which an "annuity" is payable, does not preclude its payment from corpus, if necessary. The gift over, upon termination of the trust, of the "whole of the principal of my estate" and the later described contingent bequest over of *the fund* to be conditionally reserved "to provide said annuity," may well have been used, not with the idea of preventing any needed use of trust corpus to pay the disputed annuity, but to avoid any controversy as to the intended ultimate disposal of the trust corpus. In any event, under the law of New Jersey, as we understand it, neither provision effects a limitation of the payment of the annuity to income, alone. In *Steelman* v. *Wheaton*, *supra*, the pending question was one of those presented upon facts, in our judgment, at least as favorable to the respondent's theory as those disclosed by the record here. The disputed bequest in that case was contained in the following testamentary words as recited in the opinion of the trial court:

I hereby instruct, authorize and empower my executor hereinafter named. as soon as it is convenient after my decease, to invest a sufficient sum or sums of money of my estate, with good and sufficient security, approved by the orphans' court of the county in which this will is probated, which will bear twelve hundred ($1200.00) dollars interest annually; and this sum of twelve hundred ($1200.00) dollars I give and bequeath to my wife Arabella Wheaton, during her natural life, and if she again does not marry; which sum of twelve hundred ($1200.00) dollars, is to be paid annually to my said wife, by my executor, in payments quarterly of three hundred ($300.00) dollars each, and upon her decease or upon her again marrying, or upon my decease,

if I should survive my said wife, I give and bequeath the sum or sums of money which my executor is authorized to invest for the use of my wife, to my daughter, May Steelman, if she be living.

The New Jersey courts held those words effected the bequest of an annuity payable from corpus or income.

We, therefore, conclude here that all of the contested item of $18,000 was received by petitioners' decedent during the taxable year as an "annuity", payable from corpus or income, and that it was, therefore, a "bequest" within the provisions of the Revenue Act of 1932, section 22 (b) (3), *supra*, upon the receipt of which she is not here taxable. *Burnet* v. *Whitehouse*, *supra; Helvering* v. *Pardee*, *supra; Union Trust Co. of Pittsburgh*, *Trustee*, *supra*, and cases cited therein.

*Decision will be entered under Rule 50.*