HUDSON COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF FERDINAND KAEGEBEHN, DECEASED.

Decided June 30, 1938.

Proctors for the accountants, *Burke, Sheridan & Hourigan.*

Proctor for the exceptant, *Thomas B. Davidson.*

Proctors for Walter F. Ramm, Jr., an infant, *Milton, McNulty & Augelli.*

MEANEY, C. P. J. Ferdinand Kaegebehn died a resident of Hudson county on October 5th, 1936, leaving a last will and testament which was duly admitted to probate by the surrogate of Hudson county who issued letters testamentary to the Commonwealth Trust Company, and William F. Burke, the named executors.

Among other things, the will provided as follows:

*"Eighth:* I give, devise and bequeath to my friend, Hildegard Agnes Eich, * * * an annual income of Five hundred dollars ($500), to be taken also from my American Telephone and Telegraph Company dividends, and to be paid to her until the death of Clara M. Fairlie, when and upon the death of Clara M. Fairlie, the annual sum of One thousand dollars ($1,000), to be paid to the said Hildegard Agnes Eich, the said sum of One thousand dollars ($1,000) to be also taken from the dividends of the American Telephone

and Telegraph Company stock, and from the sale of any other stocks in my name. It is my intention that this annuity be continued for the life of said Hildegard Agnes Eich, and that if sufficient money is not available from dividends aforesaid, that sufficient stock be sold from time to time to make up this annuity.

"*Ninth:* After all the above bequests have been complied with, including the annual annuity of One thousand dollars ($1,000) to Hildegard Agnes Eich, I give, devise and bequeath, after the death of Hildegard Agnes Eich, all the rest, residue and remainder of my property and estate * * * to my grandnephew, Walter Ramm * * *."

Upon report to the Transfer Inheritance Tax Bureau of the state, that office, pursuant to the statute, computed the present value of the $500 annuity to Hildegard Agnes Eich, at $7,367.46, and the present value of her contingent interest in the $1,000 annuity at $3,937.09. The tax on these sums was accordingly assessed at $589.40 and $314.97, respectively. The bureau, however, suggested a compromise of the latter tax at $193.36, fixing the total at $782.76, which sum was paid by the executors out of estate funds, and for which they pray allowance in the final account filed by them.

The executors have taken the position in their account and in the brief filed in their behalf, that the taxes thus assessed by the state are properly chargeable against the annuity bequeathed to Hildegard Agnes Eich; as a matter of fact they have applied the first payment of $500 against the same *pro tanto* and indicate their intention of deducting sufficient from the second payment, when it becomes due, to clear up the tax entirely. The annuitant excepts to this procedure. She contends that the tax is chargeable against the estate and that the annuity should be paid to her free and clear of any deductions on account thereof. Counsel for the residuary legatee, Walter Ramm, who is an infant, appearing by Walter F. Ramm, his next friend, argues that the annuity is chargeable with deductions for the payment of the tax and that the tax should be paid by the annuitant either at once, as the executors contend, or by equal installments over a period of

years, the amount of each installment to be computed by dividing the amount of the tax by the number of years of expectancy of annuitant's life as shown by the American Experience Table of Mortality.

The will itself is silent as to whether the estate or the annuitant should bear the burden of the tax.

Neither my own search or that of counsel disclosed any case in this state directly deciding the point in issue. The cases we have been able to find deal with the tax on life estates, but as pointed out in *Steelman* v. *Wheaton*, 72 *N. J. Eq.* 626; 66 *Atl. Rep.* 195, there is a marked distinction between life estates and annuities. In *Welsh* v. *Brown*, 43 *N. J. L.* 37, 43, it was said:

"The distinction between an annuity pure and simple, which is to be paid at all events out of the testator's estate, at the expense of the residuary legatee, and the interest or income for life of a certain sum set apart by the testator for that purpose, and given over in gross to another after the death of the life tenant, has been quite uniformly adhered to."

Aside from the fact that the testator himself refers to his bequest to Hildegard Agnes Eich as an annuity, it partakes of all of the incidents thereof; it imports the payment of "a fixed sum, not indeterminate in amount, or varying according to the income or profits, and if the amount set apart by the executor to produce this annual sum should for any reason fail to produce it, the residuary legatee would be required to provide the deficiency." *Steelman* v. *Wheaton, supra.*

Thus, since an annuity calls for the payment of a definite sum of money at stated periods of time, it has been held that an annuity is merely a succession of pecuniary legacies, standing on the same footing, and governed by the same rules pertaining to such legacies. *Quill* v. *Schlichter*, 121 *N. J. Eq.* 149; 188 *Atl. Rep.* 237; *Chemical Bank and Trust Co.* v. *Barnett*, 114 *N. J. Eq.* 4; 168 *Atl. Rep.* 173; 3 *Pom. Eq. Jur.* (4th ed.), § 1139.

Unless a testator by his will, expressly or by implication, expresses it to be his intention that a legacy is to be paid free and clear of the inheritance tax, the tax is properly deductible

from the legacy before payment. *Parrot* v. *Rogers*, 86 *N. J. Eq.* 311. I see no reason why this rule, applicable as it is to a legacy ordered to be paid outright, should not be applied in the case of an annuity which, as stated above, is merely a succession of such legacies.

Authority for this view is: *In re Tracy*, 179 *N. Y.* 501; 72 *N. E. Rep.* 519, a New York Court of Appeals case cited with approval as to one of its phases *In re Diehl's Executor*, 88 *N. J. Eq.* 310; 102 *Atl. Rep.* 738; affirmed, by the Court of Errors and Appeals, *per curiam*, 89 *N. J. Eq.* 209; 103 *Atl. Rep.* 822. In that case, the testator created certain life estates and also an annuity in favor of a faithful servant who had been in his employ for a number of years. As to the life estates, the court held that the inheritance tax should be paid out of the *corpus* of the trust funds, and the reason therefor, which does not now concern us because the bequest involved with a life estate, is stated in *In re Diehl, supra*. But as to the annuity, it was held that the amount of the tax should be paid out of the fund creating the annuity and that the annuitant should thereafter reimburse that fund out of the payments made to him. See, also, *In re U. S. Trust Co.*, 148 *N. Y. S.* 762; 86 *Misc.* 603.

Having determined that the bequest to Hildegard Agnes Eich, and not the estate, must ultimately bear the burden of the inheritance tax, the question which arises is, how shall the estate be reimbursed? Shall the tax be deducted before any annuity payments are made, or shall it be pro rated, or amortized, over a number of years?

As stated, the executors take the former view, and cite as authority for the position they have taken, the Massachusetts case of *Minot* v. *Winthrop*, 162 *Mass.* 113; 38 *N. E. Rep.* 512, where the Supreme Judicial Court of that state said:

"The statute contemplates, we think, that the tax should be paid out of the annuity as soon as the annuity becomes payable, and at the time when payments on account of the annuity are made. The effect of this construction may be that the first payment or payments on account of the annuity may be exhausted by the tax."

The rule is too harsh. It has no basis in logic, and to a certain extent defeats what I conceive to be the intention of the testator. Our Inheritance Tax law contemplates, as pointed out in *Parrot* v. *Rogers, supra,* that the donee of a testamentary gift shall pay the tax stated in the act. The tax imposed under the act is a premium or privilege upon the devolution of property; it is a legacy or succession tax. *In re Diehl, supra.* While as between the taxing authority and the decedent's estate, in cases such as this, the former is entitled, under the act, to be paid immediately and in full, I do not think that the ultimate beneficiary of the gift is required or should be compelled to pay a tax upon a legacy that may never be received. Such may be the practical effect of the application of the rule for the Minot case.

I am constrained, therefore, to adopt the suggestion contained in the *Tracy case, supra.* There the court said:

"The method of returning to the residuary estate the tax so. paid by the trustees is as follows: Take for illustration an annuitant whose probable duration of life is ten years. The trustees would deduct from each annual payment as made one-tenth of the tax and restore it to the residuary estate."

Such a method, it seems to me, conforms with the equity of the situation. If the annuitant survives the full period of life expectancy, the tax will be repaid in full. If not, the annuitant will have paid the tax only on such of the legacies as were received. Such a view seems also to carry out the apparent intent of the testator that the annuitant shall immediately receive the benefits from the periodic successive legacies, subject to the burden imposed by law, and not that those benefits shall be postponed until the full tax is paid.