SOLOMON LINCOLN, JR. & another, administrators, *vs.*
ENOCH F. WOOD & others.

Essex.    Nov. 7, 1879. — Jan. 20, 1880.    COLT & AMES, JJ., absent.

Pending an appeal from the probate of a will, by which the entire estate of the testator was devised to a charity, the person named as executor and the heirs at law and next of kin of the testator made an agreement of compromise, which was afterwards ratified by this court, in November 1874, on a petition in equity, under the St. of 1864, *c.* 173, by the terms of which the executor was to pay immediately to the counsel employed in the case a certain sum as counsel fees; to trustees, to be appointed by the Probate Court to carry out the charity created by the will, a certain sum; after payment of debts and charges of administration, to pay the residue, not exceeding a certain sum, to the next of kin; and, if anything remained after such payment, to divide the same between the trustees of the charity and the next of kin, in a certain proportion. The executor subsequently declined the trust, and administrators with the will annexed were appointed in March 1875, who in July of that year paid the trustees of the charity, who were appointed in the preceding April, the amount named in the agreement. After the payment of debts and charges of administration, the residue in the hands of the administrators was less than the sum which by the agreement was to be paid to the next of kin. *Held,* that the trustees of the charity were not entitled out of this fund to any interest on the sum paid to them.

BILL IN EQUITY in the nature of a bill of interpleader, by the administrators with the will annexed of Jonathan T. Barker, against the trustees under said will, and the heirs at law and next of kin of the testator. The case was heard by *Ames,* J., on the bill and answers, and reserved for the determination of the full court, and was as follows :

Jonathan T. Barker died May 26, 1872. By his will, he devised and bequeathed all his estate to establish and support a free school in the town of Boxford, and provided that, after defraying the expenses of building and furnishing a suitable

house for the school, the remainder of his estate should be kept in trust, and the income appropriated for the benefit of the school. He also requested in his will that three trustees should be appointed by the judge of probate, to receive and take charge of said funds. The will was admitted to probate by the Probate Court, and an appeal taken by the heirs at law and next of kin to this court.

The plaintiffs were, on March 18, 1873, duly appointed special administrators of the estate, and entered upon their trust. During the progress of the appeal, the person named in the will as executor, and the heirs at law and next of kin, for the purpose of settling the controversy and of consenting to the distribution of the property of the testator, entered into and signed the following agreement, dated November 16, 1874:

"First. All the heirs at law and next of kin, in consideration of this agreement, withdraw all opposition to the probate of said will, and all appeal from the decision of the Probate Court and reasons of appeal, and consent that the same shall be admitted to probate as and for the last will and testament of said deceased.

"Second. The executor shall, immediately after the probate as aforesaid, pay to the counsel employed in the case four thousand five hundred dollars in full for all their charges, costs and expenses concerning the litigation and probate.

"Third. He shall pay to whatever trustees may be appointed by the court, to carry out the charity created by the will, the sum of thirty thousand dollars, to be held by them in trust and applied to said charity according to the terms of said will.

"Fourth. He shall administer all the residue of the estate of said deceased, as follows: 1st. He shall pay out of the same all the charges of administration and all debts of the deceased and demands against the estate. 2d. He shall distribute the residue not exceeding the sum of twenty-five thousand dollars among the next of kin of said deceased according to the statute of distributions. 3d. If anything remains after the distribution to the next of kin as aforesaid, he shall divide the same between the trustees of said charity and said next of kin, in the proportion of thirty to twenty-five."

At November term 1874, this agreement was, upon a petition

in equity to this court, under the St. of 1864, *c.* 173, after notice to the attorney general, ratified and confirmed.

The person named in the will as executor declined to accept the trust, and the plaintiffs were, on March 1, 1875, appointed by the Probate Court administrators with the will annexed of the goods and estate not already administered. On April 19, 1875, trustees under the will were for the first time appointed by the Probate Court. On July 31, 1875, the plaintiffs paid to these trustees the sum of $30,000. They have also paid the sum of $4500 mentioned in the second article of the agreement of compromise, and all debts and demands against the estate, and the residue of the estate now in their hands is less than the sum of $25,000.

The trustees contend that they are entitled to receive interest upon the principal sum of $30,000 from the date of the order of confirmation of the agreement of compromise to the time that the principal sum was paid over to them. The heirs at law and next of kin contend that the whole of the residue should be paid to them.

*D. Saunders*, for the trustees.

*J. P. Jones*, for the heirs at law and next of kin.

SOULE, J. We see no ground on which the trustees are entitled to interest on the sum of thirty thousand dollars from the date of the decree ratifying the compromise to the time when that sum was paid to them.

The decree, by force of the statute, is binding and valid on all parties claiming either under the will or as heirs or next of kin. St. 1864, *c.* 173. But it is binding and is intended mainly for the purpose of determining the rights of the parties to particular or proportionate parts of the estate, as against each other, and does not, in the absence of any stipulation to that effect in the agreement, fix the right to immediate payment. It has the character of a judgment so far as regards proportionate parts of the estate, and precedence among the parties, but not as to the absolute right to receive anything. Because, as is provided by § 4 of the statute, the claims of creditors against the estate of the deceased are not impaired by the proceedings. The effect of the decree in the case at bar was in substance to substitute for the will of the testator an agreement for the distribution of

the estate, after payment of the debts and of the counsel fees named, in certain proportions between the trustees thereafter to be appointed under the will and the next of kin of the testator. It left the estate to be settled by the administrators with the will annexed, in the ordinary way. They were entitled to a reasonable time in which to ascertain the condition of the estate, and to pay the debts, before being obliged to pay anything under the agreement to the trustees or the next of kin.

Whether the amount to be paid to the trustees is regarded as a legacy or a sum payable under a contract, no interest was due on it when it was paid. The amount to be paid was not fixed till November 1874, the administrators with the will annexed were appointed in March 1875, the trustees were appointed in April 1875, and the payment was made to them in the following July. It is not contended that interest was payable as on a legacy, after the expiration of a year from the death of the testator, probably because it seemed unreasonable to insist that an amount agreed on by way of compromise at a much later date should stand in the same position with a legacy actually given by the will, especially when the allowance of interest as on a legacy would have the effect to change materially the proportionate division of the estate from what is evidently intended by the language of the agreement of compromise. If the sum to be paid to the trustees could be regarded as a legacy, it must be treated as if the death of the testator occurred when the decree ratifying the compromise was made, in which event the trustees would not be entitled to interest because the legacy was paid within a year. If the sum is to be regarded as due under a contract, it was not payable by the terms of the contract at a specified time, and was therefore payable in a reasonable time, and was manifestly so paid.

If it be contended that the administrators after the decree held the sum of thirty thousand dollars as trustees for the charity, and are under the obligation to pay interest, because the fund was drawing interest, the answer is, that neither the special administrators nor the administrators with the will annexed were trustees under the will, neither set the sum of thirty thousand dollars apart for the charity, the whole fund in their hands was of the estate of the testator, and they could not without special authority from the proper tribunal, nor by any mere mental

determination, so separate a part from the rest that it should cease to be a portion of the estate; and, not being trustees under the will, they could not open an account with themselves as trustees, and so separate and set up a fund for the charity, to be paid with its accumulation to the trustees when they should be appointed. *Miller* v. *Congdon,* 14 Gray, 114. Nothing in the facts indicates any purpose or attempt to separate and hold a specific fund for the charity.

We are of opinion, therefore, that the heirs at law and next of kin of the testator are entitled to the whole fund in the hands of the plaintiffs, it being less than the sum of twenty-five thousand dollars, after payment of such sum as costs out of the fund as shall be ordered by a single judge.     *Decree accordingly.*