ELIZABETH A. BARBER *vs.* WILLIAM B. WESTCOTT, Admr., *et al.*

NEWPORT—JUNE 15, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Probate Law and Practice.    Interest on Legacy.*

A legatee is entitled to interest on a legacy which she takes under a will modified by the award or compromise authorized by Gen. Laws R. I. cap. 212, § 22, in the same manner as though the legacy had been originally incorporated in the will.

(2) *Effect of Compromise between Beneficiaries and Heirs.*

The effect of the provisions of Gen. Laws R. I. cap. 212, § 26, is to embody the award or compromise authorized by section 22 of said chapter in the will, and to give effect to it as if originally a part of the will.

BILL IN EQUITY.    The facts were these.    John L. Barber, the testator, died, leaving a will which was admitted to probate in the Probate Court, from which decree an appeal was claimed.    Thereafter a compromise was entered into by the parties in interest, under Gen. Laws R. I. cap. 212, § 22. The complainant by the compromise will became the owner of an estate in fee simple, subject to a legacy of $1,500 bequeathed to the respondent Abby F. Burdick, charged upon the estate.    By the terms of the will the executor or administrator was empowered to sell or mortgage the estate to pay the legacy.    The question before the court in the present case was whether the legatee was entitled to interest on the legacy from the date of the compromise agreement or in the same manner as though the legacy had been originally incorporated into the will.    Heard on bill and answers.

MATTESON, C. J.   Gen. Laws R. I. cap. 212, § 26, provides that the award or compromise authorized by section 22 of the same chapter, made in writing, together with the decree approving the same, shall be filed and entered of record in the Probate Court having original jurisdiction of the will, and that thereupon the will may be admitted to probate and shall have effect, and the estate of the deceased person shall be disposed of and administered according to the provisions

(1) of the will as modified by the award or compromise.   In view of the provision that the estate of the deceased shall be disposed of and be administered according to the provisions of the will as modified by the award or compromise, we think the respondent Abbie F. Burdick is entitled to interest on the legacy of $1,500, which she takes under the modified provisions of the will, after the expiration of one year from the testator's death, to wit, from July 11, 1895, the testator having died July 11, 1894, in the same manner as though the legacy had been originally incorporated into the will. The will, whenever admitted to probate, speaks from the death of the testator, and the rule is that when no time of payment is specified the legacy begins to carry interest one year from the testator's death.   *Esmond* v. *Brown*, 18 R. I.

(2) 48, 49.   The effect of the provisions of section 26 is to embody the award or compromise in the will and to give effect to it as if originally a part of the will.   The complainant relies on *Lincoln* v. *Wood*, 128 Mass. 203 ; but the Massachusetts statute of 1864, cap. 173, under which *Lincoln* v. *Wood* was decided, provides merely that the award or compromise made in writing, if found by the court to be just and reasonable in relation to the parties in being, and in its effect on future contingent interests under the will and on bequests to charities, shall be valid and binding on such interests and bequests, as well as on the interests of persons in being.   It contains no such provisions as are contained in section 26, which virtually make the award or compromise as much a part of the will as if originally contained in the will.

*James Tillinghast*, for complainant.

*W. R. Perce, James A. Williams* and *James W. Williams*, for respondents.