AUGUSTA C. BURGER, CENTRAL UNION TRUST CO., OF NEW YORK, AND EDO E. MERCELIS, EXECUTORS OF THE WILL OF WILLIAM H. BURGER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13085. Promulgated July 18, 1928.

*Edo E. Mercelis, Esq.*, for the petitioners.
*Frank S. Easby-Smith, Esq.*, for the respondent.

1392

OPINION.

ARUNDELL: For the purpose of arriving at the value of the net estate of a decedent, section 403(b)(3) of the Revenue Act of 1921 grants deductions from the gross estate of the following:

The amount of all bequests, legacies, devices, or transfers, * * * to or for the use of any domestic corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes within the United States.

It is clear that the testator bequeathed nothing directly to the organizations listed in the findings of fact, and so the amounts claimed are deductible only if it can be found that they were bequests to a trustee for those organizations. No trust was created by the will itself as it does not designate the beneficiaries. *People* v. *Bowers*, 147 N. Y. 104; 41 N. E. 432. The letter addressed by testator to his wife and found among his effects after his death can not be taken as a part of the will under the law of New York (*Booth* v. *Baptist Church*, 126 N. Y. 215; 28 N. E. 238, 242), and so it can not be used to supply what the testator omitted.

It is also very doubtful whether the letter would be admissible, over objection, to show the testator's intention (*Allen's Executors* v. *Allen*, 18 How. 385, 393), but inasmuch as it had been set out as a part of the petition, and the respondent has admitted the existence and finding of it and its terms as pleaded, it was apparently intended by the parties that we should consider it as a part of the case. We have, therefore, set forth in the findings of fact the pertinent parts of the letter. A reading of the parts quoted in connection with the will shows beyond a doubt that it was not the intention of the testator to create any trust in respect of the amounts which his widow gave to the exempt corporations. It is said in *Russell* v. *United States Trust Co.* (Circuit Court S. D. New York), 127 Fed. 445; affirmed 136 Fed. 758, that:

An expression may be imperative in its real meaning, although couched in language which is not imperative in form; and, when it appears to have been used in this sense by the testator, the courts will give it due effect. If it is

used by way of suggestion, counsel, or advice, with a view to influence but not to direct the discretion of the party, it will not raise a trust. Although a devise or bequest to one person, accompanied by words expressing a wish, entreaty, or recommendation that he will apply it in whole or in part to the benefit of others, may create a trust, if the subject and object are sufficiently certain, they will not do so unless the words appear to have been intended by the testator to have been imperative; and, when property is given absolutely and without reservation, a trust is not to be lightly imposed upon mere words of recommendation and confidence.

See also *Colton* v *Colton*, 127 U. S. 300; *Clay* v *Wood*, 36 N. Y. S. 317; affirmed 47 N. E. 274.

The fact that the widow complied with decedent's wishes does not impress a trust upon the funds she distributed.

*Judgment will be entered under Rule 50.*