CATHERINE A. CODMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25024, 27052.    Promulgated September 18, 1930.

*John R. Lazenby, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

**OPINION.**

MORRIS: The principal measure of relief sought by these proceedings is set forth by the petitioner in issues lettered (a) to (d), both inclusive, all of which pertain to the single question of whether the respondent's determination respecting the income received by the petitioner pursuant to a compromise agreement entered into by the interested parties under the last will and testament of Maria P. Codman was correct. It is the contention of the petitioner that under the decided cases in Massachusetts she received the income in dispute by virtue of the said compromise agreement and not by the will and that the agreement was income-producing property which may be exhausted for tax purposes over the period of her life expectancy at March 1, 1913, based upon the fair market value of such property at that date.

The petitioner cites *Baxter* v. *Stevens*, 209 Mass. 459, as authority for the proposition which she urges, which is that under the law she took by the compromise agreement and not by will. Conceding that that case holds that a compromise agreement entered into does not modify nor become a part of the will and that the parties take by the compromise agreement in lieu of the will, no attempt has been made to show that applicability of the law of that State to the instant case.

The testatrix died in 1902 and, although previously a resident of Massachusetts, was then domiciled in Rhode Island. Thereafter the probate court of Bristol, R. I., was petitioned to approve the will of the testatrix and to grant letters testamentary upon her estate. It was at the hearing of the said petition that objection to the will was raised, resulting in the compromise agreement and settlement here in question. Upon application to the Appellate Division of the Supreme Court of Rhode Island for approval of the said agreement of compromise and settlement, that court said in its decree: "For the purpose of carrying into effect said agreement of compromise and settlement, and as a part thereof, said Probate Court of Bristol is ordered to proceed with the probating of said instrument as modified by said agreement of compromise and settlement and in pursuance of the statutes in such case made and provided." The decree of the probate court entered in accordance with that of the supreme court said: "That the aforesaid instrument purporting to be the last will and testament of Maria P. Codman, deceased, and as so modified is proved and allowed as such, and it is ordered that the estate   *   *   *   be disposed of and administered according to the provisions of said instrument in writing *   *   *   as modified   *   *   *."

In view of the fact that the testatrix was domiciled in the State of Rhode Island at her death; that her last will and testament was offered for and was finally probated in that State; that it was in that State that the will was contested and the compromise agreement and settlement was finally approved by its courts, we are of the opinion that we should look to the law and the decisions of that State in order to determine whether the petitioner here actually took under the compromise agreement, as contended, or under the will as modified thereby.

The question of whether the parties take by the compromise agreement rather than by will, under circumstances similar to those hereinbefore related, has been decided by the Supreme Court of Rhode Island in the negative in *Barber* v. *Westcott*, 21 R. I. 355; 43 Atl. 844. The court there said: "The effect of the provisions of section 26 is to embody the award or compromise in the will, and

to give effect to it as if originally a part of the will." In *Chase National Bank of New York* v. *Sayles*, 11 Fed. (2d) 948, the court said, respecting this question: "The nature of Mrs. Sayles' right, though the result of a statutory compromise, is the same as it would have been had the will originally included such provision in her favor. She takes as a legatee." and it added, "This is the meaning of the statutes of Rhode Island, as construed by its courts. Gen. Laws of R. I. (1909) c. 312, §23; *Barber* v. *Westcott*, 43 Atl. 844; 21 R. I. 355."

Since all of the first four specifications of error are predicated upon the premise that the petitioner received the sums in question by reason of the compromise and settlement agreement, and since we are of a different opinion in the matter, the petitioner's contentions in this particular must fail completely.

However, even assuming that the law of Massachusetts applies and that the petitioner took under the compromise agreement and not under the will, we are still unable to agree with the conclusion which the petitioner would have us reach. If there had been no contest over the will and the will had been probated and the property administered in accordance with its terms, there could be no possible doubt that the income received by the petitioner thereunder would have been subject to the tax imposed by the revenue statutes. Then, why should the settlement agreement, provided for by law in order to effect harmony and accord among heirs and legatees and for the amicable settlement of their disputed claims, affect the rights of the Government to collect taxes rightfully due it under normal circumstances. The character of the thing received, or to be received, does not suddenly change from income to something that is not income and make that which is taxable under the law nontaxable merely because the disputants under the will happen to have been mollified by a compromise agreement adjusting or modifying their rights under the will. Such a rule would "not only defeat the reiterated purpose of· Congress as expressed in various provisions of the Act, but would invite as well as permit, to an unlimited extent, subterfuges whereby those entitled to large incomes could avoid their just obligations to the government." *Codman* v. *Miles*, 28 Fed. (2d) 823; certiorari denied, 278 U. S. 654.

If the petitioner had relinquished her rights under the will and had entered into a contract with the other beneficiaries whereby she would receive other and different property from them in lieu of that willed her, or had she bartered away her right to receive under the will for a right to an annuity, the situation would be similar to *Florence L. Klein et al.*, 6 B. T. A. 617, and other cases

relied upon by the petitioner, but such was not the case. Here, the petitioner relinquished nothing. Had the compromise agreement, although fully executed by the parties thereto, failed to receive the sanction of the Appellate Division of the Supreme Court of Rhode Island, the petitioner's rights under the will would still have subsisted. Her substantive rights were the same under the compromise agreement as under the will. In either event she was entitled to a share of the " net income " of the trust estate, which she in fact received.

In *Codman* v. *Miles, supra*, Martha C. Codman, sole heir at law and next of kin of Maria P. Codman, the testatrix in this proceeding, sued the collector of internal revenue for the district of Maryland for the refund of taxes paid upon the income which she received under the same will here in question, contending " that, because the income ceased with her death, even though she had the right of appointment as to the principal, she was entitled to have a deduction from the tax because of exhaustion." In defining the taxable character of the property received under the will, the court said:

In section 219 of the Revenue Acts governing this case, subdivision a4, it is provided that the interest to be distributed to beneficiaries periodically, whether or not at regular intervals, and income collected by a guardian of an infant to be held or distributed as the court may direct, is made subject to the tax. It is true that in a sense the income conveyed to the plaintiff for life is properly designated as property, but it clearly retains its character as taxable income, and there is no provision in the law, nor any terms employed in the statute, to indicate an intention upon the part of Congress to relieve such income from the normal tax levied upon incomes merely because its payment ceased after a term of years.

And, speaking specifically of the right to a deduction for exhaustion, the court said:

* * * The contention that the value of the estate was each year depleted by exhaustion is intriguing rather than logical. What the plaintiff received and was entitled to receive was not the corpus of the property but the increment annually accruing therefrom. It is nowhere suggested that the corpus of the property, from which the income was derived, was in any way depleted. There is no destruction or dimunition by use of the property which furnishes the source of the income, and to allow an abatement for any portion of the taxes accruing each year because of the limited time of the plaintiff's enjoyment of the income would not only defeat the reiterated purpose of Congress as expressed in various provisions of the act, but would invite as well as permit, to an unlimited extent, subterfuges whereby those entitled to large incomes could avoid their just obligations to the government.

The respondent's determination with respect to the foregoing is approved.

The one remaining question is whether the petitioner is entitled to reduce the income which she received from the trust by her proportionate share of the allowable depreciation on the trust assets.

This question has been decided adversely to the petitioner by the Board and the courts. See *Commissioner* v. *Widener*, 33 Fed. (2d) 833, and the cases therein cited; also section 215 (b) of the Revenue Acts of 1921 and 1924. In so concluding we are not unmindful of the recent ruling of the United States Circuit Court of Appeals, Second Circuit, in *Merle-Smith* v. *Commissioner of Internal Revenue*, 42 Fed. (2d) 837, which is clearly distinguishable from the instant case.

*Decision will be entered for the respondent.*