CHARLES H. YOUNG *vs.* CLARA B. YOUNG GEOFFROY *et al.*

CHARLES H. YOUNG *vs.* CLARA B. YOUNG GEOFFROY.

JANUARY 14, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. Each of these bills in equity is before us on appeal from a decree of the Superior Court dismissing the bill. The decree in each cause was based on a ruling sustaining a demurrer to the bill. The bills seek to set aside a compromise agreement, confirmed by the Superior Court,

reforming and amending the terms of the will of complainant's great-grandfather, Charles H. Young, deceased.

By the terms of said will, as presented to and allowed by the Probate Court of West Warwick, the testator's wife, respondent Clara B. Young Geoffroy, was given the use of all the real and personal estate during her life; a son, Charles W. Young, was given $100, a grandson, William H. Young, provided he survived the testator's widow, was given during his life, from and after her decease, the net income of testator's real estate situated in the city of Cranston. A cousin, Mary A. Benjamin, was given the income during her life from certain investments and securities, the sum of $200 was bequeathed for perpetual care of a cemetery lot and the remainder was given to the complainant, a great-grandson of the testator.

The testator's son, Charles W. Young, appealed to the Superior Court from the decree of said probate court admitting said will to probate. Thereafter, during the pendency of the appeal, the parties in interest, including the complainant, acting by reason of his minority through his guardian *ad litem*, entered into a compromise agreement to reform said will by amending its terms. By the terms of said agreement, which was confirmed by the Superior Court, the following named beneficiaries received, in lieu of the provisions made by the testator for them in the will, gifts as follows: Mary A. Benjamin, $200; Charles W. Young, the testator's son who took the appeal, $6,500; Charles Henry Young, the complainant herein, $5,000 and a parcel of real estate in fee simple; and the widow, respondent Clara B. Young Geoffroy, all of the residue and remainder.

Jurisdiction to authorize and confirm such a compromise agreement is conferred on the Superior Court by Section 18, Chap. 363, G. L. 1923. Section 23 of said chapter provides that: "The estate of such deceased person shall be administered and disposed of according to the provisions of the will as modified by the compromise." See *Barber* v. *Westcott*, 21 R. I. 355.

The complianant's contention is that his guardian *ad litem* was without authority to enter into said compromise agreement; that, therefore, there was no valid agreement of compromise presented to the Superior Court for confirmation; that said court, in assuming to confirm an invalid agreement, acted without jurisdiction and, consequently, that the pretended act of confirmation was illegal and void.

Said section 18 provides as follows: "The superior court may authorize the persons named as executors in an instrument purporting to be the last will of a deceased person, or the administrator with such will annexed, at any time before a final decree approving said instrument as the last will of such deceased person is entered, to adjust by compromise all controversies that may exist or arise thereon." Section 19 of said chapter provides for the filing of a bill or petition in equity praying the Superior Court "to authorize and confirm the compromise." Section 20 of said chapter provides as follows: "If a person under legal disability is a necessary party to such bill or petition, he shall be represented by his guardian, or by a guardian *ad litem* appointed by the court, who shall, in the name and in behalf of the party he represents, make and receive all proper conveyances and payments necessary to carry into effect any compromise sanctioned by the court."

The complainant's argument is that, since no one except the testator's son appealed from the probate of the will, there was no controversy, affecting the complainant, to be compromised. It is sufficient to say that if it was necessary, in order to avoid a contest, to give something additional to the testator's son it was equally necessary to take from some or all of the beneficiaries under the will the amount paid to said son in order to insure the probate of the will. The widow, apparently, made a very substantial sacrifice in order to avoid a contest. The controversy so far affected the complainant that if probate of the will had been denied the whole estate, subject to dower and statutory rights of the widow, would have been inherited by the son

and the complainant would have taken nothing. Every precaution was taken to protect the rights of the complainant. He was not only represented by able counsel but a capable and conscientious member of the bar, serving as guardian *ad litem*, made independent investigation, and the court heard testimony on the question whether the compromise agreement was fair to the minor. The court authorized the guardian *ad litem* to enter into the agreement and confirmed said agreement after it was made. There was no lack of authority on the part of the guardian *ad litem* nor lack of jurisdiction in the court.

In each cause the appeal is denied and dismissed and the decree appealed from is affirmed; and each cause is remanded to the Superior Court for further proceedings.

*Edward M. Sullivan, John J. Sullivan,* for complainant.

*Grim, Littlefield & Eden, Quinn, Kernan & Quinn, Michael De Ciantis, Archibald C. Matteson, James O. McManus, Joseph W. Grimes,* for various respondents.

*Claude C. Ball, amicus curiae.*