## CODMAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2524.

Circuit Court of Appeals, First Circuit.

May 28, 1931.

John R. Lazenby, of New York·City, for petitioner.

Prew Savoy, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch, Andrew D. Sharpe, and F. Edward Mitchell, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

Two petitions for review of decisions of the Board of Tax Appeals affirming assessments by the Commissioner of Internal Revenue of deficiencies in income taxes for the years 1923 and 1924. Both petitions involve the same questions and have been consolidated and may be disposed of in one opinion. The facts are not in dispute.

On August 6, 1902, Maria P. Codman, a resident of Bristol, R. I., died leaving a will. In September of that year William S. Dexter, who was named as executor, petitioned the probate court in Bristol to prove and allow the will and grant letters testamentary to him as executor. On October 6, 1902, Martha C. Codman, sole heir at law of the testatrix and one of the beneficiaries, appeared and objected to the probate of the will. On January 22, 1903, a compromise settlement was entered into between the executor, trustees, and all persons and corporations named as beneficiaries. This agreement was thereafter approved by the Appellate Division of the Supreme Court of Rhode Island, acting under chapter 212 of the General Laws 1896 of that state, and a decree was entered where-

in it was ordered, adjudged, and decreed that the written agreement of compromise and settlement "is found by this court under the circumstances to be just and reasonable in relation to the parties in being and to its effect upon any future contingent interests that might arise under said will, and any and all gifts to charities in the same, and the said agreement of compromise and settlement is hereby sanctioned and approved." It was further ordered that the probate court of Bristol should proceed with the probating of the will as modified by the agreement of compromise and settlement. This decree of the Supreme Court was entered of record March 2, 1903, and on the same date the will as modified by the agreement of compromise and settlement was proved and allowed as such by the probate court of Bristol, and the same was recorded and letters testamentary on the estate were granted to Robert M. Morse and Edmund D. Codman, as executors, in accordance with the said will as modified.

The only change in the terms of the will made by this agreement of compromise was in the first and eighth paragraphs of the will. In the first paragraph the names of Robert M. Morse and Edmund D. Codman were substituted for that of William S. Dexter, as executors.

The eighth paragraph of the will, in substance, provided that the net income of the trust estate should be divided equally among Martha C., Leslie and Catherine Codman, or among such of them as survived the testatrix; and, in the event of any one of the cestuis que trustent dying after the death of the testatrix, his or her share, in case he or she had not appointed some one by will to take, should go to the same persons, in the same proportions as they would have taken if such beneficiary had owned the same property in his or her own right.

Leslie Codman died before the testatrix, and, if no compromise settlement had been made, Martha and Catherine would then have shared equally in the trust income, and the corpus of the trust upon the death of each would have been distributed as above provided.

By the terms of the agreement a new paragraph eighth was substituted which provided for the disposition of the income and of the corpus of the trust estate in the same manner as had been originally provided in the will, except that by the terms of the will a spendthrift trust was created, but this change has no bearing, we think, on the questions at issue here.

The effect of these proceedings, according to the decisions of the Supreme Court of Rhode Island, Barber v. Westcott, 21 R. I. 355, 43 A. 844, was to embody the agreement of compromise in the will and to give effect to it as if originally a part of the will, and "virtually make the award or compromise as much a part of the will as if originally contained in the will."

Following the probate of the will as modified in Rhode Island, the will with the agreement was probated in Suffolk county in Massachusetts, and Robert M. Morse and Edmund D. Codman were appointed executors and trustees and qualified as such, and following the settlement of the estate the trustees proceeded to administer the trust estate and have continued, except for a change in the trustees in consequence of the death of Mr. Morse, down to the present. The trust estate in 1903 consisted of real estate located in Boston of the value of approximately $1,160,000, and personal property of the appraised value of $403,240.12.

The net income of the trust from April 16, 1903, the date of the appointment of the trustees, to December 31 of that year, was $79,922.88, of which the petitioner received one-half, or $39,961.44. In 1904 her share was $33,180.19. In 1923 her share of the net income of the trust fund was $68,638.26, and in 1924, $80,889.87.

In computing her income tax for the years 1923 and 1924, the petitioner omitted to include in her gross income the receipts from said trust fund. The Commissioner included them and assessed a deficiency tax for each year based on the amount of the trust income so received. The petitioner appealed to the Board of Tax Appeals, which affirmed the Commissioner's decision and the petitioner now seeks a review of the Board of Tax Appeals' decision by this court under sections 1001, 1002, and 1003 of the Revenue Acts of 1926 and 1928 (section 603, amending section 1001), 26 USCA §§ 1224–1226.

The petitioner says that under the laws of Massachusetts she received the income by virtue of the agreement and not under the will, that her interest under the contract or agreement is an exhaustible estate, and that the income therefrom should be depreciated each year in proportion to her expectancy of life. In any event the petitioner claims that under section 214(a) (8) of the Revenue Act of 1921 (42 Stat. 240), and a similar provision in section 214 (a) (8) of the Revenue Act of 1924 (26 USCA § 955 and note), she is entitled to deduct from the income received

from the real estate one-half of the allowable annual depreciation and obsolescence of the buildings.

The government contends that the contract or agreement of compromise having been entered into in Rhode Island, its effect is governed by the decisions of the courts of that state, and the petitioner therefore takes under the will as modified by the agreement; that by the terms of the will she took an equitable interest in the trust fund, which she could dispose of by will, and under the decision of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, the income was taxable to her.

While by the law of Rhode Island the petitioner took as legatee, Barber v. Westcott, supra; Chase Nat. Bank et al. v. Sayles et al. (C. C. A.) 11 F.(2d) 948, 48 A. L. R. 207, the agreement of compromise, though made in Rhode Island, was clearly intended to be carried out in Massachusetts, and should be construed and given effect in accordance with the law of that commonwealth. Pritchard v. Norton, 106 U. S. 124, 136, 137, 1 S. Ct. 102, 27 L. Ed. 104; Hall v. Cordell, 142 U. S. 116, 12 S. Ct. 154, 35 L. Ed. 956. The agreement was made with full cognizance of the fact that the entire trust estate was located in Massachusetts, and the beneficiaries were residents of Massachusetts, that trustees must be appointed there, the trust property administered there, and specifically provided that in case of a vacancy the probate court of Suffolk county should fill the vacancy by the appointment of a new trustee.

If the law of Massachusetts applies, then the petitioner takes under the contract and not under the will. Baxter v. Treasurer et al., 209 Mass. 459, 95 N. E. 854; Ellis v. Hunt, 228 Mass. 39, 116 N. E. 956. But we think in either event the petitioner acquired an equitable interest in the trust estate, which would pass to her heirs if not disposed of by a power of appointment under her will, which could be enforced in equity by her heirs, or by her devisees and legatees in case she disposed of the trust estate by will.

While the opinion does not disclose that the issues here involved were raised in the case of Codman v. Miles (C. C. A.) 28 F.(2d) 823, 824, which was a petition for review brought by Martha C. Codman, the other beneficiary under the trust, the court proceeded to dispose of the case without making any distinction whether the taxpayer took under the will or the agreement, citing Irwin v. Gavit, supra, which disposed of any contention that the provision for the payment of the income annually was a bequest and not income. The court further held that "the contention that the value of the estate was each year depleted by exhaustion is intriguing rather than logical. What the plaintiff received and was entitled to receive was not the corpus of the property but the increment annually accruing therefrom. It is nowhere suggested that the corpus of the property, from which the income was derived, was in any way depleted. There is no destruction or diminution by use of the property which furnishes the source of the income, and to allow an abatement for any portion of the taxes accruing each year because of the limited time of the plaintiff's enjoyment of the income would not only defeat the reiterated purpose of Congress as expressed in various provisions of the act, but would invite as well as permit, to an unlimited extent, subterfuges whereby those entitled to large incomes could avoid their just obligations to the government."

That there was a daily lessening of the amount which the taxpayer would receive because of her lessening expectancy of life is met by the Supreme Court in Stratton's Independence v. Howbert, 231 U. S. 399, 415, 34 S. Ct. 136, 140, 58 L. Ed. 285: "But the same is true of the earnings of the human brain and hand when unaided by capital, yet such earnings are commonly dealt with in legislation as income."

There is no more ground for holding in this case that the petitioner's interest in the trust estate created either under the will or by the agreement was an exhaustible asset lessening with each passing year than in the case of a life interest in the income of any trust estate. The petitioner's interest differs from that of the lessee's in a mine which suffers annual depletion from the ore removed, Lynch v. Alworth-Stephens Co., 267 U. S. 364, 45 S. Ct. 274, 69 L. Ed. 660, or stumpage rights in timberlands, Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054. The trust estate in this instance has suffered no exhaustion. On the other hand, the corpus of the trust estate had increased in value and will pass to her heirs or devisees and legatees undiminished by any income she may receive. In Merle-Smith v. Commissioner (C. C. A.) 42 F.(2d) 837, 841, the court very properly drew a distinction between the case at bar involving royalties on ores removed from mines and the case of Roxburghe v. United States, 64 Ct. Cl. 223, where the beneficiary was entitled to the in-

come of a trust estate for life and had no interest in the corpus.

■ Neither do we think that the petitioner's contention can be sustained that she should be allowed to deduct from the income received by her a proportionate share of the allowable depreciation of the buildings in the trust estate over and above the sums expended by the trustees under the agreement for maintenance and repairs.

Whether the trustees in this case did under section 214(a) (8) set aside any fund for depreciation, the record does not disclose, but, if they did not, we do not think it can be deducted from the income paid to the beneficiaries. It is income and income alone that the petitioner here received.

■ Under an agreement in which the trustees are directed to pay over the "net income," the depreciation suffered, if any, during the continuance of the life estate, in case no depreciation is set aside, is borne by the remaindermen or by the devisee of the cestui que trustent if the cestui has the power of appointment by will, as in this case. Baltzell v. Mitchell (C. C. A.) 3 F.(2d) 428; Whitcomb v. Blair, 58 App. D. C. 104, 25 F.(2d) 528; Abell v. Tait (C. C. A.) 30 F.(2d) 54.

The case of Rose v. Grant (C. C. A.) 39 F.(2d) 338, cited by the petitioner, in which case certiorari was granted by the Supreme Court, 51 S. Ct. 28, 75 L. Ed. ——, but which was finally abandoned by the government owing to amendments to the Revenue Act, has no bearing, we think, on the issues here, since it involved a deduction for depreciation by the life tenant in possession.

This petitioner did not, as in the cases of United States v. Bolster (C. C. A.) 26 F.(2d) 760, 59 A. L. R. 491, Warner v. Walsh (C. C. A.) 15 F.(2d) 367, and Allen v. Brandeis (C. C. A.) 29 F.(2d) 363, release any interest in the real estate in consideration of receiving other property in exchange. The only change in the will in this case affecting the petitioner, so far as the record shows, was a substitution of new executors and trustees for those provided by the will. The trust provision in the agreement corresponded in its effect to that provided in the will, and, whether she took under the will or the agreement, the final result was the same.

She was a recipient of income in either case, and her interest in the trust estate was no more subject to exhaustion in the one case than in the other, nor was she entitled to deduct a proportional part of an allowable annual depreciation of the buildings from the income received by her.

The decrees of the Board of Tax Appeals are affirmed.