NATHANIEL W. SMITH AND RHODE ISLAND HOSPITAL TRUST COMPANY, EXECUTORS OF THE WILL OF LUCIAN SHARPE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70747. Promulgated October 31, 1934.

*Nathaniel W. Smith, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

GOODRICH: Respondent determined a deficiency in estate tax of $26,408.15. Petitioners, who are the duly qualified executors of the will of Lucian Sharpe, admit liability for $256.30 of the deficiency but contest the remainder. The facts are not in dispute, being established by allegations of the petition admitted by the answer. For the purposes of this report, they may be summarized as follows:

Lucian Sharpe died on January 26, 1931, a resident of Providence, Rhode Island. He left a will, executed under date of October 17, 1922, which provided no charitable bequests. Pending probate, controversy arose respecting the will, and a compromise was entered into by the contestants modifying its terms to include, among other things, the appointment of petitioners as executors, and gifts totaling $235,000 to five Rhode Island corporations, all admitted to be within the classes described in section 303 (a)(3) of the Revenue Act of 1926. Thereafter, the will, as modified by the compromise agreement, was probated and the charitable bequests paid. In computing the estate tax liability respondent refused to deduct from the gross estate these bequests of $235,000, and from that action arises the disputed deficiency. Whether those amounts should be deducted from the value of the gross estate, as petitioners contend, is the issue.[1]

Petitioners point out that the statutes of Rhode Island [2] permit the modification of a will by compromise agreement, and provide for the probate of the will as modified. Moreover, the courts of that state hold that the effect of these statutory provisions is to " embody the compromise in the will and give effect to it as if originally a part of the will." Upon probate, the will, thus modified, speaks as from the date of the testator's death. *Barber* v. *Westcott*, 43 Atl. 844; cf. *Young* v. *Geoffroy*, 152 Atl. 793; *Codman* v. *Commissioner*, 50 Fed. (2d) 763.

Petitioners contend, consequently, that the gifts provided by the modified will were legacies as truly as though originally bequeathed by Sharpe himself, and that, such being the effect of the law of the

---

[1] Sec. 303, Revenue Act of 1926, as amended by Revenue Act of 1928:

For the purpose of the tax, the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(3) The amount of all bequests, legacies, devises, or transfers to \* \* \* any corporation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes \* \* \* no part of the net earnings of which inures to the benefit of any private stockholder or individual \* \* \*.

[2] Sections 18 to 23, ch. 363, General Laws of Rhode Island (Revision 1923).

testator's domicile under which the devolution of his property is determined, we are bound to follow it, and to allow the $235,000 so disposed of as a deduction from the value of the gross estate.

With that, we cannot agree. While the rules respecting devolution of property, arising from the laws both of the situs of the assets of a decedent's estate and the testator's domicile, are frequently followed in some matters pertaining to the determination of the Federal estate tax liability, they are not controlling when in conflict with the intendment of the Federal statute. See *Tyler* v. *United States*, 281 U. S. 497 (503) ; *Wear* v. *Commissioner*, 65 Fed. (2d) 665; *Fidelity-Philadelphia Trust Co.* v. *McCaughn*, 34 Fed. (2d) 600; *Weiss* v. *Wiener*, 279 U. S. 333; *Burnet* v. *Harmel*, 287 U. S. 103.

There is such a conflict here, evidenced by the result for which petitioners contend, and the interpretation put by prior decisions upon the statutory provisions under which this deduction is claimed. It is well settled that only those bequests may be deducted from the value of the gross estate, under the provisions of section 303 (a) (3), for which the testator himself provided and which may be ascertained at the moment of his death. *Mississippi Valley Trust Co. et al., Executors*, 28 B. T. A. 387; affd., 72 Fed. (2d) 197, and cases there cited, particularly *Y. M. C. A.* v. *Davis*, 264 U. S. 47. See also *George W. Davison, Executor*, 31 B. T. A. 101.

Here, the fact is that Sharpe made no bequests to charity in his will. At his death, his will, as it then existed, contained no provision for the legacies now sought as deductions. Thereafter, the contestants by their agreement wrote a new will for him, which, under the local law, was accepted by the court and made effective as the act of the testator, and which governed the disposition of his estate. And that fact is not altered by the legal fiction which, under the laws of Rhode Island, made the compromise agreement effective as an original act of the testator. Judged by the standards of deductibility set for bequests under the provisions of the Federal statute respecting the determination of the Federal estate tax liability, the will, at the time of the testator's death, contained no deductible bequests. The agreement of the contestants, by which these gifts were made, could no more make them deductible bequests of the testator than could agreements of like effect made by beneficiaries or heirs at law in an effort to carry out the supposed desires of a testator. *Estate of Valentine Janson*, 3 B. T. A. 296; *Lancaster Trust Co., Executor*, 3 B. T. A. 298; *Augusta C. Burger et al., Executors*, 12 B. T. A. 1391; *Mississippi Valley Trust Co., supra*.

Reviewed by the Board.

*Judgment will be entered for the respondent.*