## SMITH et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3008.

Circuit Court of Appeals, First Circuit.

Aug. 2, 1935.

WILSON, Circuit Judge, dissenting.

———◆———

Nathaniel W. Smith, of Providence, R. I. (Dana M. Swan and Swan, Keeney & Smith, all of Providence, R. I., on the brief), for petitioners.

Berryman Green, Sp. Asst. to Atty. Gen. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This appeal involves estate taxes under the Revenue Act of 1926, chap. 27, § 303, 44 Stat. 9 (26 USCA § 1095 and note). The question is whether certain amounts paid to charitable and educational institutions were properly included in the decedent's net estate for the purpose of the federal tax.

The facts are not in dispute. Sharpe, the decedent, was a resident of Rhode Island. He died in January, 1931, leaving an instrument which purported to be his will in which after making one specific legacy he left all the rest of his property to a friend, F. S. Archibald of Paris, France, who was named executor. The gross estate amounted to about $3,250,000. The alleged will was offered for probate and objection was made by Sharpe's next of kin to its allowance. A compromise was made between Archibald and the contestants whereby the provisions of the will were greatly modified. The gift to Archi-

bald was cut down to a specific legacy to him $360,000 and certain articles of personal property; other specific legacies were written into the will including certain legacies to establish charities amounting to $235,000, the portion here in controversy. The instrument as so modified was duly admitted to probate as Sharpe's will. His estate has been administered under it.

The practice followed was in accordance with the statutes of Rhode Island which provide for compromises of contests on wills and state explicitly that, "the estate of such deceased person shall be administered and disposed of according to the provisions of the will as modified by the compromise." Gen. Laws R. I. 1923, c. 363, § 23. Under this statute it has been held by the Supreme Court of Rhode Island that "the effect of the provisions of section 26 [the same as here relied on] is to embody the award or compromise in the will, and to give effect to it as if originally a part of the will." Barber v. Westcott, 21 R. I. 355, 356, 43 A. 844, 845. The Rhode Island law as stated in Barber v. Westcott, supra, has been fully recognized by this court. Chase National Bank v. Sayles, 11 F.(2d) 948, 958 (C. C. A. 1). See, too, Codman v. Commissioner (C. C. A.) 50 F.(2d) 763. In the Chase National Bank Case we said, "The nature of Mrs. Sayles' right, though the result of a statutory compromise, is the same as it would have been, had the will originally included such provision in her favor. She takes as a legatee. This is the meaning of the statutes of Rhode Island, as construed by its courts. Gen. Laws of R. I. (1909), chap. 312, § 23; Barber v. Westcott, 43 A. 844, 21 R. I. 355." In the Codman Case, supra, the government urged the view now maintained by the petitioner and was sustained in its contention.

On matters of this sort the federal courts are bound by the state law. "It is very properly admitted by the government that the New York decree is in this proceeding binding with respect to the meaning and effect of the will. The right to succeed to the property of the decedent depends upon and is regulated by state law (Knowlton v. Moore, 178 U. S. 41, 57, 20 S. Ct. 747, 44 L. Ed. 969, 976), and it is obvious that a judicial construction of the will by a state court of competent jurisdiction determines not only legally but practically the extent and character of the interests taken by the legatees." Pitney, J., Uterhart v. U. S., 240 U. S. 598, 603, 36 S. Ct. 417, 418, 60 L. Ed. 819. See, too, Freuler v. Helvering, 291 U. S. 35, 45, 54 S. Ct. 308, 78 L. Ed. 634; Helvering v. Grinnell, 294 U. S. 153, 55 S. Ct. 354, 79 L. Ed. 825. The decisions relied on by the government do not alter or modify the rule thus stated and are distinguishable on the facts from the present case. The Board of Tax Appeals assumed that Sharpe's will was the instrument as originally offered for probate. This assumption was erroneous; and it led the Board into an erroneous conclusion.

The judgment below must be reversed and the case remanded to the Board of Tax Appeals to determine the amount which the petitioners are entitled to recover.

The decision of the Board of Tax Appeals is reversed and the case is remanded to that Board for further proceedings not inconsistent with this opinion.

WILSON, Circuit Judge (dissenting).

I do not think it is a question of what the "extent and character of the interest taken by the legatee" is. The tax is an estate tax and not a succession tax. Knowlton v. Moore, 178 U. S. 41, 49, 20 S. Ct. 747, 44 L. Ed. 969. The rights of the legatees in the property of the decedent may depend upon and be regulated by state law, but the federal income tax is not imposed on the successors to the property, but on its passing from the deceased at his death.

The issue is whether the federal law or the state law controls. The Supreme Court in Burnet v. Harmel, 287 U. S. 103, 110, 53 S. Ct. 74, 77, 77 L. Ed. 199, said: "It is the will of Congress which controls, and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nation-wide scheme of taxation. * * * State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law."

Section 303 (a) (3) of the Revenue Act 1926, 26 USCA § 1095 (a) (3), contemplates bequests to charity made by the

testator, not by the legatees. The testator made no such bequests in this case. Under the statutes of Rhode Island the legatees can make a will for the testator, and by agreement make gifts to charity, if approved by the court; but I do not think that is what is contemplated by the federal income tax act.

The Supreme Court in Y. M. C. A. v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 292, 68 L. Ed. 558, said: "Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him: 'If you will make such gifts, we'll reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give.'"

In Mississippi Valley Trust Co. v. Commissioner, 72 F.(2d) 197, 199, the Circuit Court of Appeals of the Eighth Circuit said of the above language: "The meaning of this language is that the testator and he alone must provide for the charitable bequest."

The case of Codman v. Commissioner (C. C. A.) 50 F.(2d) 763, does not, I think, support the conclusion of the opinion. This court in that case, while it recognized the Rhode Island statutes as affecting the transmission of property in that state, held that the original will governed the transfer of property in Massachusetts under the law of that commonwealth. The rights of the beneficiaries, including the charitable institutions, under the laws of Rhode Island are, no doubt, determined under the compromise will; but the issue here is, Were these gifts made under the compromise will deductible from the gross estate of the deceased under section 303 (a) (3)?

The cases of Uterhart v. United States, 240 U. S. 598, 603, 36 S. Ct. 417, 60 L. Ed. 819, Freuler v. Helvering, 291 U. S. 35, 45, 54 S. Ct. 308, 78 L. Ed. 634, and Helvering v. Grinnell, 294 U. S. 153, 55 S. Ct. 354, 79 L. Ed. 825, do not seem to me to be in point. The case of Uterhart v. United States was a succession tax under the War Revenue Act of 1898 (30 Stat. 448); the case of Freuler v. Helvering related to a tax on income of a trust, the interpretation of which was within the jurisdiction of the state court; and the case of Helvering v. Grinnell involved the question of whether the property which the beneficiaries took was received from the deceased under a power of appointment contained in their father's will, and therefore should be considered a part of the gross estate of the deceased, or which the beneficiaries took under another provision of their father's will; and, if so, the property in question was not a part of the gross estate of the deceased and subject to an estate tax.

Property of the deceased passed from him at his death. He made no gifts to charity. Upon his death the federal income tax became effective. The exemption under section 303 (a) (3) of the Revenue Act 1926 covered only bequests to charity made by the deceased. I do not think that Congress intended that a different rule should prevail in the state of Rhode Island.

I think the decision of the Board of Tax Appeals should be affirmed.