Estate of Fannie W. Norris, Deceased, Daniel W. Norris, Emmet L. Richardson and Perry J. Stearns, as Executors, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 104902. Promulgated March 18, 1942.

*Perry J. Stearns, Esq.,* for the petitioner.
*S. U. Hiken, Esq.,* for the respondent.

OPINION.

ARNOLD: The petitioners, as executors and trustees of the will of Fannie W. Norris, who died on April 26, 1937, on July 25, 1938, paid $5,000 and transferred property of the value at date of decedent's death of $284,341.10 to the Columbia Hospital and the Norris Foundation, respectively, both of Milwaukee, Wisconsin. The hospital and foundation are corporations organized and operated exclusively for religious and charitable purposes within the purview of section 303 (a) (3) of the Revenue Act of 1926, as amended.[1] The petitioners contend that such amounts are deductible as bequests, legacies, devises, or transfers to religious or charitable corporations under section 303 (a) (3). The respondent contends that the amounts paid were not bequests to the charities, but to testamentary trustees in whom was vested discretion to pay or to divert the trust property to other uses, and that even if the payment and transfer are considered as bequests to charitable corporations or uses, they were so contingent, conditional

---

[1] SEC. 303. For the purpose of the [estate] tax the value of the net estate shall be determined—

(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(3) The amount of all bequests, legacies, devices, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, or to a trustee or trustees, * * * but only if such contributions or gifts are to be used by such trustee or trustees * * * exclusively for religious, charitable * * * or educational purposes * * *.

and uncertain at the date of decedent's death as to make them nondeductible.

Transfers of a testamentary character only are deductible under section 303 (a) (3). *Taft* v. *Commissioner*, 304 U. S. 351. Its purpose is to encourage testators to make charitable gifts. *Y. M. C. A.* v. *Davis*, 264 U. S. 47. The estate tax is not a succession tax. It taxes not the interest to which the legatees and devisees succeed on death but the interest which ceased by reason of the death. It is a tax upon the transfer of the net estate by a decedent. "It comes into existence before and is independent of the receipt of the property by the legatees." *Edwards* v. *Slocum*, 264 U. S. 61. In *Mississippi Valley Trust Co. et al., Executors*, 28 B. T. A. 387; affd., 72 Fed. (2d) 197; certiorari denied, 293 U. S. 604; rehearing denied, 293 U. S. 631, the Board stated:

* * * The rights of the parties hereto are determined entirely by the will of decedent. They accrued finally when the will became effective, the date the decedent died, December 18, 1929.

The gifts made by decedent in his will are valued as of the date of death to determine the amount of the deduction. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. The value must be determined from data known or reasonably ascertainable at date of death. *United States* v. *Provident Trust Co.*, 291 U. S. 272; *Humes* v. *United States*, 276 U. S. 487.

Under the will of the decedent the trustees were directed, if they were satisfied that they "shall have in their possession trust property more than sufficient to meet in full all the previous requirements" of the will, to pay out of the principal of the residuary estate to the Columbia Hospital "a sum not exceeding" $5,000. In *Robbins* v. *Commissioner*, 111 Fed. (2d) 828, in which the daughter of decedent was given the power under the will to appoint by her last will to Amherst College up to but not in excess of $250,000 from the principal of the trust fund of which she was beneficiary for life, the court held that at the time of decedent's death, the definiteness and certainty required were lacking, since the daughter could have fulfilled the requirements of her father's will by exercising the power of appointment to the extent of one cent or one dollar. It is immaterial that in that case the daughter failed to exercise the power, whereas the trustees herein exercised their discretionary power as to amount and paid $5,000 to the hospital. Receipt of the property by the legatee merely evidences the exercise of the power residing in the trustee. In their discretion they did that which the testatrix should have done by direction of the estate is to get the benefit of the deduction. A testamentary gift deductible under the statute must be absolute in its terms in so far as the testator can make it and effective as of the date of death. *Burdick* v. *Commissioner*, 117 Fed. (2d) 972; certiorari

denied, 314 U. S. 631; *Knoernschild* v. *Commissioner*, 97 Fed. (2d) 213. There was no mandatory requirement or direction in the will of decedent that $5,000 should be paid to the Columbia Hospital.

The will of decedent in subparagraph (S) of paragraph eighteen further empowered and authorized the trustees, after payment of not exceeding $5,000 to the Columbia Hospital, "to appropriate and pay over such sums of money as they, in their discretion, may deem best, as additional bequests to beneficiaries named in "paragraphs fourteen, fifteen and eighteen." Paragraphs fourteen and fifteen contain numerous specific bequests to various relatives, friends, employees, and the First Unitarian Society of Milwaukee. Paragraph eighteen contains the provisions with respect to the disposition of the residue by the petitioners as trustees thereof and, among other things, provides for many annuities payable by the trustees to various persons. In subparagraph (T) of paragraph eighteen the trustees were further empowered "at their discretion and option, to pay to any worthy charitable, religious or educational corporation, association or enterprise, operating in the city of Milwaukee, Wisconsin, such sums of money out of the principal in their hands as they may deem best." Thus it was within the discretion of the trustees to apply all or any part of the principal of the residuary estate to increase specific legacies and bequests made by decedent to the extent of leaving nothing for the Norris Foundation and possibly one dollar or one cent to the Columbia Hospital, or to transfer to such charities an amount determined in their sole discretion. At the time of death of decedent there was, under the provisions of the will, uncertainty and indefiniteness as to the organization or organizations, except perhaps the Columbia Hospital, which were to benefit thereunder and as to the amount or amounts payable. It was wholly uncertain whether such organizations would ever receive anything. That the testatrix intended her trustees to make the final determination as to whether the legatees and annuitants mentioned in paragraphs fourteen, fifteen, and eighteen should receive additional bequests or whether charitable, religious, or educational organizations should be given any of the excess not needed to fulfill the specific bequests made by her is indicated by the fact that she made a specific charitable bequest to the First Unitarian Society of Milwaukee. In her original will she bequeathed $1,000 to that organization and later increased the amount to $5,000 in one of the codicils to her will. From the language of the will, it may reasonably be inferred that it was the primary intention of the testatrix to charge the trustees with the duty to provide for the beneficiaries of her bounty whom she had expressly named. If she had intended to make mandatory bequests effective at the time of her death she could have done so as she did in the case of the First Unitarian Society. It is reason-

able to assume that if she had had an intention to make certain a gift to either the Columbia Hospital or the Norris Foundation she would have made such gifts definite and mandatory upon her trustees.

Although the hospital and the foundation received money and property out of the residuary estate, they did not receive them "through any act of the testator." *Robbins* v. *Commissioner, supra.* It is true the trustees exercised a power given them by the will of decedent, but no absolute gift, reasonably certain and definite, so as to permit a valuation thereof at date of death, was made by decedent. Whether gifts were to be made at all, designation of beneficiaries, except the Columbia Hospital, and amounts to be given, were left to the discretion of the trustees. Acts of the trustees were required to make such determinations and to make the bequests effective. A bequest must be certain and definite in its terms so that the beneficiary and property passing thereby, and his right thereto, may be readily ascertained at the time of the death of the testator. This clearly appears from the statement in *Y. M. C. A.* v. *Davis, supra,* as follows:

Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. * * * Congress was in reality dealing with the testator before his death. It said to him: "if you will make such gifts, we will reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give."

Commenting on this language, the court, in *Mississippi Valley Trust Co.* v. *Commissioner, supra,* said:

The meaning of this language is that the testator and he alone must provide for the charitable bequest. It means that the provision by the testator must be one that is definite in ascertainment and that is legally enforceable; it must possess the qualities of a definite command which will define the legal rights of all the parties to the property intended to be affected.

Neither the Norris Foundation nor the Columbia Hospital could successfully maintain a suit at law or equity to compel the trustees to make the payments for which deduction is claimed.

It is argued by petitioners that under the laws of Wisconsin the acts of the trustees in exercising their discretion in favor of the hospital and foundation relate back to the effective date of the will, and the payment and transfer of money and property become thereby specific bequests from the trust fund to such charitable corporations. However that may be, the deductibility of these amounts is a question of Federal law and not state law. *Lyeth* v. *Hoey,* 305 U. S. 188. *Smith* v. *Commissioner,* 78 Fed. (2d) 897, which reversed 31 B. T. A. 480, and wherein the law of Rhode Island, providing that a compromise agreement be given the same effect as though originally a part of the will, was applied in determining that amounts paid to charities pursuant to the compromise agreement were deductible, was expressly overruled in *Robbins* v. *Commissioner, supra.*

Since the bequests involved were too uncertain and indefinite to permit valuation of them at the time of the death of decedent, the amounts of $5,000 and $284,341.10 paid and transferred by the petitioners as trustees under the will of decedent to the Columbia Hospital and the Norris Foundation, respectively, are not deductible from the value of the gross estate under section 303 (a) (3), *supra*.

*Decision will be entered for the respondent.*